Classification cannot be applied to an occupation or industry as an individual unit. The classification contemplated by the Workmen's Compensation Law (Sections 1465-37 to 1465-108, General Code) relates to occupations or industries as a class, operating generally, under similar conditions. Such is the purport of Section 1465-53, General Code, authorizing the classification of occupations or industries. Under that section classification is not made according to the employment, or number of men engaged in it, or according to the amount paid, but the classification of occupations or industries is made "with respect to their degree of hazard."
Section 1465-54, General Code, imposes upon the commission the duty, in the exercise of its powers and discretion, to fix and maintain for each class of industry the lowest rate of premium consistent with the maintenance of a solvent state insurance fund and the creation of a reasonable surplus, etc. It then provides that annual revision of rates "shall be made in accordance with the experience of said commission," and that the commission shall adopt rules governing revisions compatible with the making of an equitable distribution of losses among the several classes of occupations or industries. The next section (1465-55, General Code) provides for a return of surplus premiums to the subscribers, if it is developed on a revision date that the surplus is larger than is necessary to safeguard the fund's solvency.
The petition alleges that relator is engaged as a general contractor, building large edifices. It is the system of classification applied to this character of occupation or industry that is now under attack. *Page 208 
Were we to follow and adhere to the claim of counsel for the relator, its ultimate effect might result in the requirement of classifying certain occupations or industries according to the particular "job" or the size of the various individual jobs engaged in by an employer, and not according to a general system applying to similar industries or occupations as a class.
Mr. Evans, the actuary for the commission, testified that it was not only impracticable, but physically impossible, to classify the occupation of an employee; he said the classification adopted by the commission was based on the nature of the employer's business "and not the various functions that he may do that makes up his particular business;" that the hazard to a carpenter, for instance, depends upon the nature of the industry and the character of the work in which he is engaged; and that the individual carpenter's hazards are not the same in every occupation where a carpenter may be employed. In some the hazards are greater than in others.
Here, and as applied to this relator's business, the commission, under Section 1465-54, General Code, has applied a form of rating system "made in accordance with the experience of said commission." Its revised classification of rates and premiums, now under attack, was adopted pursuant to actuarial reports; and in this classification the occupation of the relator was placed in what is known as Manual No. 5601, which required the payment of a rate premium of $2.50 per $100 pay roll. The actuarial audit of January 1, 1926, made on behalf of the commission, speaking of the system of classification of industries, states that the fund has "used as a basis *Page 209 
the classification of industries originally made by the committee of statisticians representing governmental bureaus and workmen's compensation statisticians — and actuaries, as developed by the National Council on Workmen's Compensation Insurance, and the International Association of Industrial Accident Boards."
The experience of men, expert in this department of investigation, whose reports are founded upon experience touching the various hazards of industries and occupations, should be given important consideration; and no doubt the reports of its statisticians and actuaries were followed by the Ohio commission in making its classification of occupations or industries "with respect to their degree of hazard." Section 1465-53, General Code.
The commission was of opinion that employers or building contractors doing business of the generally large character that this relator did should fall within the classification which required that occupation or industry to pay an average fixed premium on all pay roll employees engaged in that class. This classification and its determination are committed to the sound discretion and judgment of the commission. From the evidence adduced we are unable to say that the commission abused its discretion or that it capriciously or arbitrarily discriminated against the relator, who occupies the same class as do others who do business of the same character. We have frequently announced the principle that mandamus may not be employed to control the discretion of a board such as this, and that the writ will not be awarded except where the relator shows that he has a clear, *Page 210 
legal right thereto. For the reasons stated, the writ prayed for will be denied.
Writ denied.
DAY, KINKADE, ROBINSON, JONES and MATTHIAS, JJ., concur.
MARSHALL, C.J., dissents.