Solution of the single question here presented depends upon the provisions of the last paragraph [4] of Section 1465-54, General Code. This reads as follows:
"The industrial commission of Ohio shall have the power to apply that form of rating system which, in its judgment, is best calculated to merit or individually rate the risk most equitably, predicated upon the basis of its individual industrial accident experience, and to encourage and stimulate accident prevention; shall develop fixed and equitable rules controlling the same, which rules, however, shall conserve to each risk the basic principles of workmen's compensation insurance."
The relator contends that "its individual industrial accident experience" should include the additional fact of Scraggs' death, and that this requires a refund *Page 322 
of premium proportionate to that part of the award now unpaid and abated.
The respondent insists that under the circumstances of this case the relator's "accident experience" must be determined from the fact of the employee's injury, and that the employer cannot relieve itself of any part of that onus by pleading the subsequent death of the employee.
With the latter contention this court finds itself in unanimous agreement. This view is consistent with the above and related provisions of the statutes. In these there is no language to indicate that "accident experience" implies mere financial experience or compensation experience in the actual payment of awards to injured employees. On the contrary it is clearly apparent that under these provisions an employer's rating is not necessarily determined even from "accident experience" alone. It should be noted that payment of compensation is not the only purpose of the Workmen's Compensation Act. Another is "to encourage and stimulate accident prevention"; and in exercising its powers the Industrial Commission is expressly authorized to reflect its judgment in this respect in the rating it applies.
In the instant case the determination of the employer's "accident experience" was definitely and properly predicated upon the fact of the employee's injury, and inasmuch as the latter's subsequent death was held to be unrelated to the injury, it would seem that neither the death nor the consequent abatement of the unpaid compensation should be considered as an element in the employer's "accident experience".
In conformity with the foregoing views the prayer of the petition is denied and the action is dismissed at the relator's costs.
Writ denied.
STEPHENSON, WILLIAMS, JONES, MATTHIAS, DAY and ZIMMERMAN, JJ., concur. *Page 323