By the Court:
It appears from the first cause of action in the amended petition of the relator- The River Mining Company that it has contributed a large sum to the State Insurance Fund. The relator seeks to have a rate set up for its peculiar type of operation. It is averred that relator is engaged in coal mining, and mines by electrically powered equipment. The allegations do not even show whether relator’s mines are underground or surface mines. From all that is contained therein the respondent was justified in re *225 fusing to set up a rate for the exact type of operation engaged in by relator. Under Section 1465-53, General Code, the Industrial Commission classifies occupations and industries, not types of operation.
The relator in the second cause of action seeks relief against -a penalty of $4.27 per $100 payroll imposed in merit rating to cover allegedly exorbitant and unreasonable reserves set up for injured employees who have fully recovered from their injuries. Merit rating is within the sound discretion of the commission, and, unless this discretion is abused, mandamus will not lie.
Abuse of discretion is not shown by the bare allegation of such abuse nor by mere allegation that the commission acted maliciously or from any improper motive. To constitute a cause of action based upon abuse of discretion, facts must be alleged from which an inference of such abuse arises. Allegations that the action of the commission was malicious, wilful, illegal and the like, standing alone, are insufficient for that purpose. Eelator, it is alleged, was placed under a certain manual rate based on payroll and subjected to a certain penalty in the merit rating; but no facts are pleaded which show that the commission in so acting did not exercise a sound discretion.
The relator further contends that the action of the commission constitutes the taking of property without due process of law and is in violation of its constitutional rights, and pleads that the commission, on application, has refused to reduce or remove the reserves and strike off the penalty and has denied relator a hearing on its application filed for such purpose. In the judgment of this court, classification, establishment of basic rates and merit rating are not matters of judicial cognizance which entitle the relator to a formal hearing before the Industrial Commission upon application, but are, on the other hand, subjects *226 which require the exercise of administrative authority only.
In the third cause of action the relator merely pleads that the Industrial Commission had not complied with that portion of Section 1465-54(4), General Code, which reads: ‘ ‘ The Industrial Commission of Ohio shall have power to apply that form of rating system which, in its judgment, is best calculated to merit or individually rate the risk most equitably, predicated upon the basis of its individual industrial accident experience, and to encourage and stimulate accident prevention * * The allegations in this cause of action, which follow the language of the statute, amount, when considered as a whole, to no more than conclusions of law.
The facts well pleaded in the separate causes of action do not show an abuse of discretion, a denial of due process, or a violation of constitutional rights; therefore, the demurrer to the amended petition of the relator, The River Mining Company, is sustained on the first ground, namely, the facts stated therein and in each cause of action therein are not sufficient to constitute a cause of action; however, the second ground of the demurrer which raises the question of jurisdiction is not well founded.
The amended petition of the relator Earl J. Jones Coal Company, presents a somewhat different state of facts. Relator mines its coal by electric machinery and conveys the coal out of the mine by belt conveyors. No locomotives or cars are used. The commission classified the relator under manual No. 1002, which includes underground coal mining by use of electric coal machines and electric main haulage locomotives. Although there is no express averment that relator’s mine is underground, it perhaps appears inferentially. There is no averment or claim made that relator is engaged in surface mining. The allegations do not show any abuse of discretion in applying the *227 same manual or basic rate to all mines electrically operated whether haulage is by locomotive and cars or by belt conveyors. It is the industry that is classified and not the working method. The fact that an employer introduces improved machinery and thereby reduces hazards does not entitle him to a basic rating different from other employers in the same industry who still use old type machinery and thereby incur greater hazards. All such employers may be covered by the same manual. In the normal course of events merit rating tends to cure the inequality, for under merit rating the premium may be less than the basic rate. State, ex rel. Zone Cab Corp., v. Industrial Commission, 132 Ohio St., 437, 8 N. E. (2d), 438. If the introduction of less hazardous machinery improves the employer’s accident experience, his merit rating will likewise be improved after the lapse of a reasonable length of time. Before applying manual No. 1002 to underground coal mines in which belt conveyors are used, it would have been well to change the language defining the manual’s scope but the allegations of the petition do not show an abuse of discretion in placing the relator in the same classification with other electrically operated underground mines.
In merit rating, the new risk, lacking accident experience, is required for the first year or rather for the first two six-month periods, to pay the basic rate plus 30 per cent. State, ex rel. Zone Cab Gorp., v. Industrial .Commission, supra. The commission held that the risk started October 2, 1937, after actual mining operation had begun, and that that date should be the beginning of the one-year period. The relator contends that the one-year period should start March 31, 1937, but avers that at that time relator employed only three persons and did not own or operate a mine. This contention is not well founded.
Relator further maintains that it is engaged in a trucking operation in which its truck drivers haul *228 coal “from tipple to barge,” as appears from the amended petition. It is alleged that when Earl J. Jones individually owned this trucking business, manual 7218 was applied with a basic rate of five dollars per $100 payroll but, when the business was purchased by relator, it was placed under manual 1002. It is further alleged that there are certain other employees who work on the surface near and about the mine but do not enter it. It is contended that these employees should be placed under manual 1005, entitled “Coal Mining Surface,” which carries a basic rate of $4.50 per $100 payroll.
These truck drivers and surface men stand on the same basis. As heretofore indicated the commission in classifying underground mines electrically operated is classifying an industry and not an occupation. Employees of different occupations may all come under the manual applied to a particular industry. The commission is not compelled “to segregate the payroll among the various classes of employments” embraced in such general business. State, ex rel. Reaugh Construction Co., v. Industrial Commission, 119 Ohio St., 205, 162 N. E., 800; 42 Ohio Jurisprudence, 791, Section 153. In other words there is no requirement that each occupation or type of operation within a given industry be classified or rated separately.
It is plain that the allegations of the petition are sufficient to show an abuse of discretion on the part of the commission in rating the relator’s garage business under manual 1002, which, as has been said, covers coal mining operations where underground mining is carried on by use of electric coal machines and electric main haulage locomotives. A garage which is located- in the city of Zanesville, eleven miles from the company’s mine and which, though giving priority to the company’s business, serves the public in the repair of automobiles, is not merely incidental to the *229 operation of the mine but a separate business undertaking.
As was said in the first case, the second ground of the demurrer is not well founded.
Since it would be an abuse of discretion to rate a garage, so operated, under manual 1002, the demurrer to the petition of relator Earl J. Jones Coal Company, will be overruled.
Demurrer is sustained in cause No. 27359 and overruled in cause No. 27361.

Demurrer sustained in cause No. 27359.

Demurrer overruled in cause No. 27361.

Weygandt, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.