Stewart, J.
 

 The Court of Common Pleas in its opinion stated:
 

 
 *442
 
 “It would therefore follow that the plaintiff’s petition states a cause of action unless:
 

 “ (a) Recovery is prohibited by lawi, or
 

 “(b) The damages claimed are too remote and too indirect to be recoverable.”
 

 That court then stated, in effect, that the law does not prohibit a recovery, but the court sustained the demurrer upon the ground that the damages claimed are too remote and too indirect to be recoverable. However, in this court, defendant not only insists that the claimed damages are too remote for recovery hut that recovery is barred by Section 1465-101, General Code, and that, since Perkins had a right of recovery against defendant, plaintiff was barred from a similar right for the reason that double recovery is not permitted against a single wrongdoer for the same act.
 

 We shall consider first the question whether a recovery is barred in the instant case by Section 1465-101, General Code, which reads as follows:
 

 “All contracts and agreements shall be absolutely void and of no effect which undertake to indemnify or insure an employer against loss or liability for the payment of compensation to workmen or their dependents, for death, injury or occupational disease occasioned in the course of such workmen’s employment, or which provide that the insurer shall pay such compensation, or which indemnify the employer against damages when the injury, disease or death arises from the failure to comply with any lawful requirement for the protection of the lives, health and safety of employees, or when the same is occasioned by the wilful act of the employer or any of his officers or agents, or by which it is agreed that the insurer shall pay any such damages. * * ■*”
 

 Defendant argues that that section bars a recovery upon the facts alleged in plaintiff’s petition and relies
 
 *443
 
 upon the case of
 
 Truscon Steel Co.
 
 v.
 
 Trumbull Cliffs Furnace Co.,
 
 120 Ohio St., 394, 166 N. E., 368, the first paragraph of the syllabus of which reads:
 

 “An employer, whether self-insurer or otherwise, cannot recover from any source any sum to reimburse an amount paid under the workmen’s compensation law to injured employees, whether the injury results from the negligence of some third party, or otherwise. ’ ’
 

 In the
 
 Truscon case,
 
 the steel company was a self-insuring employer and one of its workmen was seriously injured while in the course of his employment by the negligence of an employee of the furnace company. As a result, the steel company, pursuant to the provisions of the Workmen’s Compensation Act, paid an award to its employee. Thereafter the injured employee brought an action, by reason of the same injury for which the steel company paid him an award, against the company whose employee had negligently injured the steel company’s employee, and recovered. Thereafter, the steel company brought an action against the company, whose employee had negligently injured the steel company’s employee, to recover the amount the steel company had been forced to pay its employee under the Workmen’s Compensation Act.
 

 This court held that the action by the steel company did not lie, and Judge Allen in the opinion stated, in effect, that the action was barred because of the provisions of Section 1465-101, General Code, and said further:
 

 “Nothing could be clearer than that the Legislature, by the provisions of this section, indicated its intention to prevent the reimbursement of the employer for any amount paid pursuant to the provisions of the Workmen’s Compensation Act to the injured employee.”
 

 
 *444
 
 Judge Jones, in a concurring opinion, said:
 

 “I concur in the syllabus and judgment, but not for the reasons assigned in the opinion. Section 1465-101, General Code, relates only to contracts and agreements insuring or indemnifying employers against liability for payment of compensation or damages to workmen or their dependents. No such agreement was made or was involved in the instant case to which ;said statute could possibly apply.”
 

 From the reading of the statute it would seem that Section 1465-101 means that there shall be no agreements of insurance or indemnity in this state to insure or indemnify any employer for any sums he may have to pay an injured employee or his dependents under the Workmen’s Compensation Act. In any event, the facts in the
 
 Truscon case
 
 are entirely different from those alleged in the petition in the instant ease.
 

 In the
 
 Truscon case,
 
 the employer attempted to recover money which it had paid to its employee. In the instant case the employer paid no money to its employee, but its claim for damages is for increased premiums it has had and will have to pay to the Industrial Commission because of the accident to its employee.
 

 There is another greater difference between the two •cases.
 

 In the
 
 Truscon case,
 
 the injury to the employee was caused by the negligence of a third party. The injury was to the employee and not the employer. The third party had a duty to the employee not to negligently injure him but that duty was not owed to the employer. In the instant case, while the act of defendant was a negligent act with reference to plaintiff’s employee, and, therefore, such employee could have an action against defendant for negligence, defendant also breached a duty it owed to plaintiff in that the injury
 
 *445
 
 to plaintiff’s employee was not only an act of negligence toward plaintiff’s employee but was a breach of contract with reference to plaintiff.
 

 Although the above-quoted paragraph of the syllabus in the
 
 Truscon case
 
 is very broad in its language in the use of the words, “or otherwise,” we are of the opinion that the paragraph must be confined and applied to the facts of that case.
 

 It was held by this court that the syllabus of a decision of the Supreme Court states the law of Ohio with reference to the facts upon which the syllabus is predicated and that it must be interpreted with reference to those facts and the questions presented to and considered by the court.
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Baillie,
 
 112 Ohio St., 567, 148 N. E., 233;
 
 Williamson Heater Co.
 
 v.
 
 Radich,
 
 128 Ohio St., 124, 190 N. E., 403.
 

 The
 
 Truscon case
 
 involved the right of a self-insurer to recover an award paid by it to its employee for in-, juries caused by the negligence of a third party tortfeasor, which was a situation entirely different from the one in the instant case.
 

 We are of the opinion that the enactment of Section 1465-101 was to prevent competition with the state insurance fund by those who are in the business of furnishing private insurance to indemnify or insure employers against loss or liability for the payment of workmen’s compensation, and that that section will not prevent a recovery for a breach of a contract which was not in any manner an indemnifying or insuring agreement.
 

 The next question we must consider involved the two points which were persuasive to the trial court when it sustained the demurrer to plaintiff’s petition and which were persuasive to the majority of the Court of Appeals when it affirmed the judgment of the trial court (the Court of Appeals affirmed “for the reasons stated by the trial court in his opinion”).
 
 *446
 
 Those two points are that the damages claimed in the petition are too remote for recovery and that double recovery is not permitted against a single wrongdoer for the same injury.
 

 The trial court came to the conclusion that “the exact amount of increased premiums due to the injury described in the petition, under the complicated actuarial processes and determinations of the Industrial Commission which bases its rates not only on the experience of a class as a whole but also upon the individual experience of each employer in such class, is almost impossible of exact calculation * * * [;] that the alleged damages claimed by the plaintiff are not damages which would naturally flow from the alleged breach of the contract in question; that there is no indication that the parties had the special circumstances, out of which the plaintiff is claiming damages, in mind at the time of the execution of the alleged contract; and that the damages claimed are .too remote and indirect to be recoverable.”
 

 It must be remembered that in the trial court the instant case was decided upon a demurrer to a petition, and in such a situation every well pleaded allegation in the petition must be taken as true.
 

 The petition alleges that as the result of defendant’s breach of contract plaintiff was required, under the merit rating system of the Industrial Commission, to pay the amount sought as damages, which it has paid in the past and which it will be required to pay in the future, due solely to the influence of the accident and award to plaintiff’s employee, Perkins. However easy or difficult such damages may be to prove, nevertheless, upon demurrer we must take it as though they had been proved.
 

 If a petition prays for damages for loss of profits resulting directly from a breach of contract, such a petition is good upon demurrer even though it might.
 
 *447
 
 turn out upon trial that the profits were so speculative and uncertain as not to be recoverable.
 

 What are the damages which a party should recover upon the breach of a contract? This question has never been better answered than in the famous case of
 
 Hadley
 
 v.
 
 Baxendale
 
 (1854), 9 Exch., 341. Most of the accurate definitions which subsequent .judges have announced are simply paraphrases of the words of Baron Alderson.
 

 In the
 
 Hadley case
 
 he said:
 

 “* # * where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach •of contract should be such as may fully and reasonably be considered either arising naturally, that is, •according to the usual course of things, from such breach of contract itself,, or were such as. may reasonably be supposed to have been in the contemplation •of both parties at the time they made the contract as the probable result of the breach of it.”
 

 The definition of Baron Alderson continues as to rights and liabilities under special circumstances, but what we have quoted is applicable to the instant case.
 

 Did the damages which plaintiff claims accrued to it because of defendant’s breach of its contract with plaintiff arise naturally, according to the usual course of things, from such a breach?
 

 According to the contract attached to plaintiff’s petition the operations of defendant were carried on on plaintiff’s premises in Ohio and defendant agreed to •carry proper compensation insurance upon its employees.
 

 The petition alleges that defendant was licensed to transact business in Ohio as a foreign corporation. Defendant must have known that, the only compensation insurance it could carry was under the Workmen^ Compensation Act. Defendant, therefore, is
 
 *448
 
 charged with knowledge that the Ohio act is based upon the merit system, and if by breach of its contract with plaintiff it injured one of plaintiff’s employees, such breach would affect the rating and premiums to be paid by plaintiff to the Ohio compensation fund if an award were made to plaintiff’s injured employee from the fund. Therefore, it may be fairly and reasonably considered that damages which arose from a breach of contract by defendant, under circumstances which were known to both plaintiff and defendant, were such as may fairly and reasonably be considered to have arisen, according to the usual course of things, from such breach of contract.
 

 The petition alleges, without reservation, that the damages did arise to plaintiff, and the amount of them, and we cannot say upon deciding a demurrer that the damages alleged were so remote as to bar their recovery.
 

 Defendant relies,
 
 inter alia,
 
 upon the well considered case of
 
 Northern States Contracting Co. v. Oakes,
 
 191 Minn., 88, 253 N. W., 371, 92 A. L. R., 1201. In a syllabus by the court in that case it is stated:
 

 “Increased workmen’s compensation insurance premiums which plaintiff had to pay in consequence of an employee’s death caused by a negligent act of defendant, a subcontractor, are too remote and indirect results of such wrongful act as to be recoverable. ’ ’
 

 That case would be most persuasive if it were applicable to the instant case, but in the
 
 Northern States case
 
 the workman was killed by the negligence of a third party, and, although that negligence was a breach of duty by the party guilty of its toward the one who was killed, it was not a breach of any duty owed to the employer of the killed employee.
 

 The A. L. R. report of the
 
 Northern States case
 
 is followed by an annotation, and all the cases there considered involved attempts to recover for torts com
 
 *449
 
 mitted where the tort-feasor owed no duty to the one seeking recovery.
 

 In the
 
 Northern States case,
 
 the court, in quoting from another case, said:
 

 “The injury inflicted by him was upon MeLemore, against his personal rights; that it happened to injure the plaintiff was an incidental circumstance, a remote and indirect result, not necessarily or legitimately resulting from the act of killing.”
 

 If, in the instant case, plaintiff’s employee had been injured through the negligence of a third party, which party owed no duty to plaintiff, it could well be argued that any damages which plaintiff suffered as a result of the injury to his employee would be too remote for plaintiff to recover. In such a situation the breach of duty by the third party would be toward only the person of plaintiff’s employee by one who owed no duty to plaintiff. Such was the situation in the
 
 Truscon case.
 

 The situation is entirely different where defendant not only had a duty to plaintiff’s employee not to negligently injure him, but had a contractual duty to plaintiff not to cause plaintiff injury.
 

 The damages which plaintiff is claiming are not alleged to have grown out of simply the tortious act of defendant toward plaintiff’s employee, but to have arisen from defendant’s breach of contract with plaintiff.
 

 In the case of
 
 Dayton Power & Light Co.
 
 v.
 
 Westinghouse Electric & Mfg. Co.,
 
 287 F., 439, the Sixth Circuit Court of Appeals held that, where a manufacturer complied Avith the Workmen’s Compensation Act of Ohio and elected to pay directly the compensation required by law to be paid to an injured employee and Avas compelled to pay an injured employee, such manufacturer had an action against one who manufactured and installed a machine according to plans and speci
 
 *450
 
 fixations of such installer and with knowledge on its part of the conditions under which the machine would be operated and that it would be dangerous to the employees of the one for whom the machine was installed if not properly designed and constructed, where the machine exploded and injured an employee of the one for whom the machine was installed.
 

 The Sixth Circuit Court grounded its decision solely on breach of contract and distinguished cases where recovery had not been allowed to an employer because of injury to an employee through the negligence of a third party tort-feasor who had no contract with the employer.
 

 It is interesting to note that Judge Donahue, formerly of the Ohio Supreme Court, was one of the judges who decided the
 
 Dayton Power Co. case.
 

 Defendant seeks to avoid the authority of that case with the argument that it was decided prior to the case of
 
 Erie Rd. Co.
 
 v.
 
 Tompkins,
 
 304 U. S., 64, 82 L. Ed., 1188, 58 S. Ct., 817, 114 A. L. R., 1487, which overruled the case of
 
 Swift
 
 v.
 
 Tyson,
 
 41 U. S. (16 Pet.), 1, 10 L. Ed., 865, and held that federal courts are required to follow the decisions and the statutory law of the respective states and were without authority to exercise their discretion on what they felt should constitute the substantive law of any given state.
 

 It is argued further that the
 
 Truscon case,
 
 in view of the
 
 Erie Rd. case,
 
 emasculates any authority of the
 
 Dayton Power Co. case.
 
 However, as we have herein-before stated, the
 
 Truscon case
 
 is entirely different and distinguishable from the instant case which is almost identical with the
 
 Dayton Power Co. case.
 

 We are of the opinion that damages which accrued to a plaintiff because of a breach of contract by defendant, as in the instant case, should not be held upon demurrer to a petition to be so remote as to be nonrecoverable.
 

 
 *451
 
 As to the point that a double recovery is not permitted against a single wrongdoer for the same injury, the trial court said, “A double- recovery against a defendant for a single injury is frowned upon by the courts.”
 

 We agree with that principle but we do not believe that the facts in the instant case constitute a double recovery for a single injury. A recovery which might be allowed to plaintiff’s employee, Perkins, against defendant would be for a breach of duty by defendant to such employee not to negligently injure him. If recovery is allowed to plaintiff it will be because of defendant’s breach of contract with plaintiff by which plaintiff suffered damages directly flowing therefrom. Although the same episode forms the basis of the two recoveries, they do not grow out of the breach of the same duty.
 

 It was correctly and logically stated in the dissenting opinion in the Court of Appeals:
 

 “The double recovery doctrine is not applicable because even if there could be two recoveries they would be because a single act caused a breach of two duties, one in contract and one in tort. This does not constitute a double recovery.”
 

 The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas, with directions to overrule the demurrer to the petition.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Matthias, Hast, Zimmerman, Turner and Taft, JJ., concur.