Weygandt, C. J.
This is the second time this cause has been in this court.
The first decision is reported in 152 Ohio St., 437, 89 N. E. (2d), 673. This court held that the plaintiff’s petition is not demurrable on the alleged ground that the facts stated do not show a cause of action.
According to the plaintiff’s petition and evidence, the basic facts are simple. One of the plaintiff’s employees was injured while in the course of his employment. His injury was caused by the explosion of a blasting cartridge which was defective by reason of the defendant’s failure to inspect and service it as required by the terms of its contract with the plaintiff. The injured employee was awarded compensation by the Industrial Commission of Ohio. The plaintiff employer was a contributor to the insurance fund under the Workmen’s Compensation Act of Ohio. As a result of the injuries suffered by this employee, the Industrial Commission, under its five-year merit rating system for accident experience, increased the amount of the premiums the plaintiff was required to pay into the fund.
In this action the plaintiff seeks to recover from the defendant the total sum of the additional premiums required to be paid solely by reason of the injuries to this employee resulting directly from the defendant’s breach of the contract.
The defendant interposes several assignments of error. However, there is but one requiring discussion.
As the defendant did in support of its demurrer to *528 the plaintiff’s petition, it now contends that under the evidence the damages claimed by the plaintiff are shown to be so uncertain and remote as not to he recoverable. This contention is answered in the opinion of the Court of Appeals in the following excellent analysis of the evidence:
“The second issue involved herein is as to whether the damages proven are too remote and uncertain for recovery. The appellee herein insists that the law of this case has been heretofore decided by the Supreme Court of Ohio in the case of Coal Company v. Cardox, 152 Ohio St., 437, when it stated at page 447:
“ ‘The petition alleges that defendant was licensed to transact business in Ohio as a foreign corporation. Defendant must have known that the only compensation insurance it could carry was under the 'Workmen’s Compensation Act. Defendant, therefore, is charged with knowledge that the Ohio act is based upon the merit system, and if by breach of its contract with plaintiff it injured one of plaintiff’s employees, such breach would affect the rating and premiums to he paid by plaintiff to the Ohio compensation fund if an award were made to plaintiff’s injured employee from the fund. Therefore, it may he fairly and reasonably considered that damages which arose from a breach of contract by defendant, under circumstances which were known to both plaintiff and defendant, were such as may fairly and reasonably he considered to have arisen, according to the usual course of things, from such breach of contract. The petition alleges, without reservation, that the damages did arise to plaintiff, and the amount of them, and we can not say upon deciding a demurrer that the damages alleged were so remote as to bar their recovery. ’
*529 “Appellant insists that since that case was decided upon a demurrer to the petition that the remoteness and uncertainty of the damages are still an open question under the evidence and base their argument upon the following language, inter alia, of the opinion at page 446:
“ 'If a petition prays for damages for loss of profits resulting directly from a breach of contract, such a petition is good upon demurrer even though it might turn out upon trial that the profits were so speculative and uncertain as not to be recoverable.’
“In our judgment the Supreme Court did announce the law of this case as set forth above at page 447 of their opinion. Consequently, it becomes a question of fact under the evidence as to whether the damages alleged were proven. Likewise, the fair inference from this pronouncement is that the measure of damages to the plaintiff is not the amount of money which was paid to the injured employee out of the state fund heretofore or might be paid in the future; nor the reserve set up by the commission to take care of the claim; but is the additional premiums the plaintiff Midvale was compelled to pay under the merit rating system on account of the accident in question. On this point plaintiff produced two expert witnesses, Mr. Sauer and Mr. Taylor, both actuaries and former employees of the Industrial Commission. The defendant produced one expert witness, Mr. Evans, also an actuary and a former employee of the commission. (In fact, Mr. Evans was the only witness on any issue produced by the defendant.) Both Mr. Sauer and Mr. Taylor testified positively that the additional premium paid by plaintiff Midvale to the state compensation fund solely by reason of the Perkins accident was $14,475.72. That these additional premiums would *530 not have been paid if the accident to the employee, Perkins, had' not occurred. The defendant’s witness, Mr. Evans, did not deny but admitted that Midvale had to pay extra premiums into the fund by reason of the Perkins accident. However, he contended that the amount arrived at by Mr. Sauer and Mr. Taylor was wrong. Mr. Evans claimed that the amount should have been 90 per cent of $7,500 or $6,750. (Record Page 219). This difference Mr. Evans explained was due to an alleged mistake of $525 and also principally to the use of the expanded pay roll of Midvale which the uncontradicted evidence showed increased over 300 per cent from the date of the contract to the date of the payments made by Midvale to the commission. It also involved the use of a $7,500 maximum liability for one accident which was in force only for a part of the time herein involved. The pay roll feature is the principal bone of contention. It is our judgment that in view of the pronouncement of the Supreme Court, supra, that the defendant, Cardox, is chargeable with knowledge of this feature of the rating system used by the commission, as well as all of their rules and regulations and the modification thereto as authorized by the statutes of this state. In the usual course of events pay rolls and employment are not static over the years but subject to fluctuations depending on changing economic conditions. Consequently, the result attained in the facts of this situation complied not only with the condition No. 1 as quoted by the Supreme Court at page 447 of the opinion, supra, in the Hadley case as ‘arising naturally, that is, according to the usual course of things, from such breach of contract itself;’ but also from the second feature of that quotation which is worthy of mention to-wit: ‘were such as may rea *531 sonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach of it.’ Now article 5e of the contract in question provides for the sale of additional equipment. Presumably the initial order of 400 cartridges took care of Midvale’s immediate requirements and the insertion of article 5e can only be interpreted to mean that the parties to this contract contemplated expanded operations on the part of plaintiff: Midvale.
“The evidence being uncontradicted that the plaintiff was required to pay into the state fund additional premiums, solely by reason of the Perkins accident in a sum between $6,750 and $14,475.72, depending upon conflicting testimony as to the amount, we can not say from analysis of this evidence that the jury was wrong in accepting the figure testified to by Mr. Sauer and Mr. Taylor and rejecting the figure testified to by Mr .Evans.”
This court unanimously concurs in the foregoing view except as to the maximum amount of damages recoverable by the plaintiff because they “were such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach of it.” Hadley v. Baxendale, 9 Exch., 341, 156 English Rep., 145. A majority of the members of the court are of the opinion that the maximum should be measured by the total amount awarded and paid as a result of the employee’s injuries. It is the majority view that the parties did not contemplate premiums in excess thereof due to accident experience and increased pay rolls. At the time of the trial the total amount that had been awarded to the employee was $9,315.87. However, the cause is remanded to the trial court for the in *532 elusion of the amount of any additional awards to the employee.
Hence, the judgment of the Court of Appeals is modified, and the cause is remanded accordingly.

Judgment modified and, as modified, affirmed and cause remanded.

Zimmerman, Stewart, Middleton, Taet, Matthias and Hart, JJ., concur.