Taet, J.,
concurring. Under the decision in Dayton Power & Light Co. v. Westinghouse Electric & Mfg. Co., 287 F., 439, which was relied upon to support the decision of this court in Midvale Coal Co. v. Cardox Corp., 152 Ohio St., 437, 89 N. E. (2d), 673, the loss by reason of payments from the State Insurance Fund on account of the injuries to Perkins might be considered a loss caused directly by the breach of warranty of the defendant Cardox Corporation. Any additional loss to the plaintiff mining company is at least one step removed from such direct loss. Such additional loss is at least a less direct loss. See Sanford-Brown Co. v. Patent Scaffolding Co. (1945), 199 Ga., 41, 33 S. E. (2d), 422.
Such additional loss cannot, to use the words quoted in the opinion by Stewart, J., in Midvale Coal Co. v. Cardox Corp., supra, from the opinion of Hadley v. Baxendale, 9 Exch., 341, “fairly and reasonably be considered * * * arising naturally, that is, according to the usual course of things, from such breach of contract itself. ’ ’ It arises because of the particular method of fixing rates adopted by the Industrial Commission pursuant to paragraph four of Section 1465-54, General Code, providing that the commission “shall have the power to apply that form of rating system *533 which, in its judgment, is best calculated to merit or individually rate the risk more equitably, predicated upon the basis of its individual industrial accident experience, and to encourage and stimulate accident prevention; [and] shall develop fixed and equitable rules controlling the same, which rules, however, shall conserve to each risk the basic principles of workmen’s compensation insurance.” It is certainly not natural and according to the usual course of things to have payments by an insurer on a single insurance claim increase the insurance premiums of the insured by substantially more than the amount of such payments. On the contrary, such a result is rather startling. Even if the parties contemplated that the plaintiff mining company would carry insurance with the Ohio State Insurance Fund, such additional loss can hardly, to further use the words quoted from Hadley v. Baxendale, supra, “fully and reasonably be considered * * * such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach of it. ’ ’
The language of Section 1465-69, General Code, providing for self-insurance by employers “who do not desire to insure the payment thereof [compensation and other benefits under the Workmen’s Compensation Act] or indemnify themselves against loss sustained by the direct payment thereof,” and the language of Section 35 of Article II of the Constitution, providing for payment by an employer of “the premium or compensation provided by” the workmen’s compensation laws, recognize that the state fund is merely an insurer of the employer’s obligation to pay the compensation provided for by the workmen’s compensation laws. The mere fact, that an employee can assert his claim directly against and be paid by *534 the state fund, does not alter the substance of the relationship of insurer and insured between the state fund and the contributing employer. Cf. Verducci v. Casualty Co. of America, 96 Ohio St., 260, 117 N. E., 235.
Ordinarily, an insurer, upon discharging an obligation insured against, is subrogated to any rights the insured may have against others who are liable to the insured for causing such obligation to arise. Cleveland Paint & Color Co. v. Bauer Mfg. Co., 155 Ohio St., 17, 97 N. E. (2d), 545; London Guarantee & Accident Co., Ltd., v. Strait Scale Co., 322 Mo., 502, 15 S. W. (2d), 766, 64 A. L. R., 936.
However, instead of seeking to enforce the claim of the plaintiff mining company against the defendant Cardox Corporation, the Industrial Commission has, pursuant to statutory authority, taken other steps to repair the loss to the State Insurance Fund caused by the Perkins claim.
If the merit rating plan of the Industrial Commission had enabled the plaintiff to repay to the state fund all amounts which the state fund paid on account of the Perkins claim and to thereby avoid any effect which the Perkins claim might have in increasing the plaintiff’s premiums, then it is apparent that there would have been no loss to the state fund by reason of the Perkins claim and that there would have been no loss to the plaintiff mining company in addition to the amounts paid from the state fund by reason of the injuries to Perkins. A plan providing for such a result would appear to be equitable. Likewise, since plaintiff was not at fault in causing the injuries to Perkins, it.would not do otherwise than “encourage and stimulate accident prevention.” The words of the statute (Section 1465-54, General Code), which have hereinbefore been quoted, give the Industrial *535 Commission wide discretion with respect to merit rating and would, therefore, apparently authorize such a plan. See State, ex rel. Powhatan Mining Co., v. Industrial Commission, 125 Ohio St., 272, 181 N. E., 99; State, ex rel. River Mining Co., v. Industrial Commission, 136 Ohio St., 221, 24 N. E. (2d), 947; State, ex rel. Zone Cab Corp., v. Industrial Commission, 132 Ohio St., 156, 5 N. E. (2d), 477.
It is apparent, therefore, that the plan used by the commission to repair the loss caused to the state fund is responsible for any loss to the plaintiff mining company, to the extent that there is an excess in the amount of additional premiums paid as a result of the Perkins claim over the amount paid from the state fund on account of that claim. The cause of that excess must necessarily be factors other than the injury to Perkins caused by the defendant’s breach of its contract. Cf. State, ex rel. Crystal Tissue Co., v. Industrial Commission, 129 Ohio St., 320, 195 N. E., 546; State, ex rel. River Mining Co., v. Industrial Commission, supra; State, ex rel. McHugh, v. Industrial Commission, 140 Ohio St., 143, 42 N. E. (2d), 774; State, ex rel. Reaugh Construction Co., v. Industrial Commission, 119 Ohio St., 205, 162 N. E., 800.
The commission may be authorized by law to give effect to such factors in determining the rate of premiums to be charged to an employer such as plaintiff. But Cf. State, ex rel. Zone Cab Corp., v. Industrial Commission, 132 Ohio St., 437, 8 N. E. (2d), 438. However, I see no justification for charging to the defendant, on account of the injuries to Perkins, any more than the amount which plaintiff’s insurer against loss on account of such injuries was required to pay by reason of those injuries.
Whether there could be recovery by plaintiff or *536 by the Industrial Commission or by both joining’ together for more than the additional premiums paid by the plaintiff, in the event that those additional premiums were less than the amount paid on account of the injuries to Perkins, is not presented by the record in the instant ease.