SHANNON, Judge.
The appellant-plaintiff appeals from the final judgment dismissing its complaint in a suit alleging breach of warranty. The plaintiff was compensation carrier for Carl Cromoty on his work as a seawall contractor. Cromoty had as his employees Daniel Williams, deceased, and Simon Williams, and had leased from the defendant a half track truck crane, together with the services of an operator, to drive pilings in connection with the seawall construction. Daniel Williams, deceased, and Simon Williams were injured in the course of their employment when the crane collapsed and fell upon them. The plaintiff made compensation payments to the two employees who were injured, or to their beneficiaries. Thereafter plaintiff filed its lien pursuant to § 440.39, Florida Statutes, 1955, F.S.A., in certain suits filed on behalf of the employees against the present defendant, and it participated in the distribution of the damages paid by the defendant to the two employees or their representatives. The plaintiff then filed the present suit for breach of warranty against the same defendant, alleging the ultimate facts as outlined here and claiming damages for the Workmen’s Compensation benefits paid by the plaintiff as a result of the breach of contract, after deducting the amount received in equitable distribution. Thus we have two suits against the defendant for the same injuries, one sounding in tort and one sounding in breach of warranty.
Plaintiff sets out as his question the following :
“Does an action lie on behalf of a master who has been required to pay Workmen’s Compensation benefits to an injured employee and the depend *440 ents of a deceased employee against a crane owner who rented the machine and an operator causing the injury with knowledge on its part of the conditions under which the machine would he operated and that it would be dangerous to employees if not properly serviced and operated and with knowledge that the master relied on it to furnish a machine which would not be dangerous, but which machine in violation of a warranty was inadequate and thus dangerous, the result being a failure and injury and death to the master’s employees?”
While the plaintiff urges that the instant suit is not brought on the basis of any tort liability, but rather is filed alleging a breach of contract, it is interesting to note that the plaintiff in its complaint states, in part:
“ * * * that the said injuries were caused as a direct result of the negligence and carelessness of the said Defendant in furnishing a machine which was in a dangerous and defective condition, unsuitable for the purposes for which it was rented, and that the said Defendant knew that the machine was defective and dangerous and not capable of standing the stresses and strains of the work which it undertook; that the Defendant was further negligent in failing to exercise reasonable care in the upkeep, inspection, and servicing of the said machine, and was further negligent in furnishing an unskilled and unqualified, negligent operator, all of which, in the exercise of reasonable care, was, or should have been known by the said Defendant.”
The trial court in dismissing the complaint states, in part:
“The Court is unable to interpret the Act, specifically Section 440.39 and the subsections thereof, to include the action under the theory advanced by the plaintiff in this cause. In view of the declarations of our Court of Last Resort in construing Workmen’s Compensation insurance contracts, this Court is of the opinion that the plaintiff’s sole and only relief must be found in the Act, and since the deceased employee’s widow, having elected to maintain the action against the defendant in a prior suit, as set out in Paragraph 7 of the complaint, and the plaintiff’s having received an equitable distribution in the judgment awarded to the plaintiff, has no other course of action.”
As has been held by our Supreme Court, the provisions of the Workmen’s Compensation Act are a part of the contract with which this litigation is concerned. In Florida Forest and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251, 254, the Supreme Court stated:
“The provisions of the Workmen’s Compensation Law, if accepted by employer and employee, are to be read into every contract of service between those subject to its terms. Under the law, when accepted, the employee is entitled to compensation for injuries sustained arising out of and in the course of employment, irrespective of the cause of injury. * *
As set forth in the order of the trial court, Paragraph 12 of the insurance policy involved in this action states:
“Subrogation. In the event of any payment under this policy, the company shall be subrogated to all rights of recovery therefor of the insured and any person entitled to the benefits of this policy against any person or organization, and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do-nothing after loss to prejudice such rights.”
Keeping in mind the principle of law contained in Florida Forest and Park Service v. Strickland, supra, together with the language in the policy of Workmen’s, Com *441 pensation insurance, supra, we are concerned with the question of whether or not the plaintiff can maintain its present breach of warranty suit. Regardless of the theory upon which plaintiff’s suit may be based, it would have the ultimate effect of compelling the defendant to pay twice for the same injury.
The plaintiff has cited the cases of Dayton Power & Light Company v. Westinghouse Electric & Manufacturing Company, 6 Cir., 287 F. 439, 37 A.L.R. 853, and Midvale Coal Co. v. Cardox Corporation, 1949, 152 Ohio St. 437, 89 N.E.2d 673, which held that the plaintiffs had the right to bring the actions. In Ohio, however, there was no Workmen’s Compensation subrogation statute. In 2 Larson’s Workmen’s Compensation Law § 77, the author states the general rule:
“When a state in its third-party statute has provided a statutory method whereby the employer or insurer may be reimbursed for compensation expenditures caused by the third party’s negligence, this statutory method is exclusive, and the employer may therefore not bring a separate action against a third party claiming damages to the amount of compensation paid as the result of the third party’s furnishing defective supplies which led to the •employee’s injury. Such an action has been allowed, however, where no sub-rogation is available.”
In the case of United States Casualty Co. v. Hercules Powder Co., 1950, 4 N.J. 157, 72 A.2d 190, 196, the Workmen’s compensation insurance carrier filed a breach of warranty action to recover the exact amount of compensation paid by the carrier to several employees who had been injured by a premature explosion caused by a defective fuse purchased by the employer from the defendant. In holding that the compensation payments made by the plaintiff pursuant to the requirements of the New Jersey Workmen’s Compensation Act, N.J.S.A. 34:15-1 et seq., which is almost .identical to the Florida Act, are not recoverable for breach of warranty, the Court said:
“Of course, an employer or his sub-rogee is free to maintain any primary cause of action which the employer may have directly in his own right against another, specifically against the seller of an article for the breach of a warranty of its fitness for a particular use, known to the seller, which breach proximately results, inter alia, in injury to or the death of the purchaser’s employee. Nevertheless the damages recoverable for such breach may not include the compensation payments made pursuant to our Workmen’s Compensation Act, zvhich statute provides the exclusive remedy for such recovery.”
* * * * * *
“Inasmuch as the complaint herein only seeks recovery of the exact amount of such compensation payments and does not demand any other item of damage, we conclude that the trial judge was right in dismissing it. * * (Emphasis supplied.)
This court approves and adopts the principle enunciated in the United States Casualty Co. v. Hercules Powder Co., case, supra, and, in so holding, the judgment in the present case must be affirmed.
Affirmed.
ALLEN, C. J., and SPOTO, I. C., Associate Judge, concur.