Matthias, J.
The issue in this cause is whether an employer whose premium rate under the Workmen’s Compensation Act is increased due to the allowance of a claim by the Industrial Commission for the death of an employee can recover the amount of such increase from a third person whose negligence caused the death of the employee.
This problem is not new to this court. In the case of Truscon Steel Co. v. Trumbull Cliffs Furnace Co., 120 Ohio St., 394, we held, in the first paragraph of the syllabus:
“An employer, whether self-insurer or otherwise, cannot recover from any source any sum to reimburse an amount paid under the Workmen’s Compensation Law to injured employees, whether the injury results from the negligence of some third party, or otherwise.”
In arriving at that conclusion the court relied on Section 1465-101, General Code, which is now Section 4123.82, Revised Code.
Section 4123.82, Revised Code, reads in part :
‘ (A) All contracts and agreements are void which undertake to indemnify or insure an employer against loss or liability for the payment of compensation to workmen or their dependents for death, injury, or occupational disease occasioned in the course of such workmen’s employment, or which provide that the insurer shall pay such compensation, or which indemnify the employer against damages when the injury, disease, or death arises from the failure to comply with any lawful requirement for the protection of the lives, health, and safety of employees, or when the same is occasioned by the willful act of the employer or any of his officers or agents, or by which it is agreed that the insurer shall pay any such damages. No license or authority to enter into any such agreements or issue any such policies of insurance shall be granted or issued by any public authority in this state.”
*33 After quoting from this statute, which was virtually the same then as it is now, Allen, J., stated, at pages 397 and 398:
“Nothing could be clearer than that the Legislature, by the provisions of this section, indicated its intention to prevent the reimbursement of the employer for any amount paid pursuant to the provisions of the Workmen’s Compensation Act to an injured employee.”
In spite of the holding in and the above-quoted language from the Truscon case, plaintiff contends that our decisions in Midvale Coal Co. v. Gardox Corp., 152 Ohio St., 437, Ellis, Admx., v. Garwood, 168 Ohio St., 241, and Gee v. Horvath, 169 Ohio St., 14, favor recovery in this action.
Neither the Ellis case nor the Gee case is applicable here because each of those cases dealt with the right of an employee, rather than the employer, to recover from a tort-feasor. However, the Midvale case does favor plaintiff’s position.
Paragraph three of the syllabus of the Midvale case reads:
“Where a third party negligently injures an employer’s employee and such injury is a direct result of a breach of contract which the third party had with the employee’s employer, and as a direct result of such breach the employer suffers damages, such damages are recoverable by the employer against the third party in an action for breach of contract.”
In the course of the opinion in the Midvale case, the Truscon case was distinguished on the ground that in the Midvale case there was a breach of contract with the employer, which breach had arisen out of the negligent act of the third party. Recovery by the employer was permitted for the breach of contract and not for the negligent act itself.
It is clear that the Truscon case holding does not permit recovery for negligence of a third party, whereas the Midvale case holding permits recovery against a third party for breach of a contract which flows from negligence. We now think that such differing results are without basis in reason, and that the better rule under the law and statutes is the one laid down in the Truscon case. Therefore, the Midvale case is overruled.
This position is supported by the uncertain and speculative nature of any damages which would be recoverable by an employer in such a case if recovery were permitted (see concurring *34 opinion of Taft, J., in Midvale Coal Co. v. Cardox Corp., 157 Ohio St., 526), and by the fact that plaintiff’s loss is merely a remote and indirect consequence of defendant’s negligence. Northern States Contracting Co. v. Oakes, 191 Minn., 88.
In conclusion, an employer cannot recover from any source any sum to reimburse him for an increased amount paid as a premium under the Workmen’s Compensation Act due to the death of an employee, although such death was caused by the act of a third party.
The judgment of the Court of Appeals is correct, and, therefore, it must be, and it hereby is, affirmed.

Judgment affirmed.

Taut, C. J., O’Neill, Hrieeith, Herbert and Hibson, JJ., concur.
Zimmerman, J., concurs except as to the overruling of Mid-vale Coal Co. v. Cardox Corp., 152 Ohio St., 437.