CINCINNATI BELL TELEPHONE COMPANY, APPELLEE, *v.*
STRALEY ET AL., APPELLANTS.
CONSOLIDATED FREIGHTWAYS, INC., APPELLANT, *v.*
CAROLINA FREIGHT ET AL., APPELLEES.
ATHENS BOTTLING COMPANY, APPELLANT, *v.*
SOUTH END BEVERAGE, INC. ET AL., APPELLEES.
ROADWAY EXPRESS, INC., APPELLANT, *v.* COUSINO ET AL., APPELLEES.
GOLD CIRCLE STORES, DIVISION OF FEDERATED DEPARTMENT
STORES, INC., APPELLANT, *v.* GRAHAM, APPELLEE.

[Cite as Cincinnati Bell Tel. Co. *v.* Straley (1988), 40 Ohio St. 3d 372.]

(Nos. 88-95, 88-114, 88-169, 88-217 and 88-268—Submitted October 19, 1988,
November 15, 1988, October 18, 1988, October 25, 1988 and November 1, 1988—
Decided December 30, 1988.)

373

*Frost & Jacobs* and *Donald McG. Rose,* for appellee in case No. 88-95.

*McIntosh, McIntosh & Knabe* and *Arthur T. Knabe,* for appellant in case No. 88-95.

*Reminger & Reminger Co., L.P.A.,* and *Nicholas D. Satullo,* for appellant in case No. 88-114.

*Nukes & Perantinides Co., L.P.A., Chris T. Nolan* and *Samuel G. Casolari, Jr.,* for appellee Carolina Freight in case No. 88-114.

*Ronald B. Lee* and *Maryellen C. Spirito,* for appellee Howard Schenk in case No. 88-114.

*Michael R. Eckhart,* urging reversal for *amicus curiae,* Prudential Insurance Company in case No. 88-114.

*Porter, Wright, Morris & Arthur, Charles J. Kurtz III* and *Darrell R. Shepard,* for appellant in case No. 88-169.

*Arter & Hadden, Louis E. Gerber* and *Nancy Manougian,* for appellees in case No. 88-169.

*Eastman & Smith, James F. Nooney* and *Thomas J. Gibney,* for appellant in case No. 88-217.

*Robinson, Curphey & O'Connell* and *David W. Stuckey,* for appellee Roland Cousino in case No. 88-217.

*Williams, Jilek & Lafferty Co.* and *Alan L. Mollenkamp,* for appellees Ernie and Wilma Rowe in case No. 88-217.

*Stanley R. Stein,* for appellant in case No. 88-268.

*Robert G. Leland, Pickrel, Schaeffer & Ebeling* and *John W. Slagle,* for appellee in case No. 88-268.

LOCHER, J. The primary issue presented in these actions is whether a self-insured employer under the workers' compensation laws which has paid medical expenses and other related workers' compensation bene-

fits to an injured employee may recover damages against a third party who negligently caused the injury to the employee in the absence of any legal relationship based on contract or warranty between the employer and the third party. For the following reasons we hold in the negative and, accordingly, enter the appropriate judgments.

## I

This issue has been before this court in one form or another on several occasions and produced mixed results. Today we seek to clarify our position on this issue under various circumstances.

Our most recent pronouncement in this area of the law was made in *Ledex, Inc.* v. *Heatbath Corp., supra.* In *Ledex,* an employee of Ledex, Inc. sustained acid burns when he slipped and fell into a chemical that had leaked from its container onto the floor of the work premises. Ledex, Inc. had purchased the chemical from Heatbath Corporation. The employee filed for and was awarded workers' compensation benefits. Ledex, Inc. was a state fund employer under the workers' compensation laws and, as a result of the above accident, experienced an increase in workers' compensation premiums. Ledex, Inc. filed an action against Heatbath Corporation, seeking damages which included $18,025 as attributable to increased workers' compensation premiums. The lower courts rejected the claim by Ledex, Inc. that it could recover those damages attributable to increased workers' compensation premiums.

This court reversed and held in the syllabus that:

"R.C. 4123.82 does not bar an employer whose employee suffers injuries and recovers workers' compensation therefor from recovering dam-

ages for increased workers' compensation premiums from a third party whose conduct caused the employee's injuries. (*Fischer Constr. Co.* v. *Stroud,* 175 Ohio St. 31 [23 O.O. 2d 309], overruled; *Midvale Coal Co.* v. *Cardox Corp.,* 152 Ohio St. 437 [40 O.O. 428], reinstated.)"

The *Ledex* holding was reached as a result of this court's review of its prior decisions in *Truscon Steel Co.* v. *Trumbull Cliffs Furnace Co.* (1929), 120 Ohio St. 394, 166 N.E. 368; *Midvale Coal Co.* v. *Cardox Corp.* (1949), 152 Ohio St. 437, 40 O.O. 428, 89 N.E. 2d 673; and *Fischer Constr. Co.* v. *Stroud* (1963), 175 Ohio St. 31, 23 O.O. 2d 309, 191 N.E. 2d 164.

In *Truscon,* a self-insured employer sought to recover workers' compensation benefits paid to its injured employee from the independent contractor whose employees' negligence caused the injuries to the employer's employee. The claim was based solely on the negligence of the independent contractor's employees. This court concluded that the employer had no cause of action against the independent contractor and stated in the first paragraph of the syllabus that "[a]n employer, whether self-insurer or otherwise, cannot recover from any source any sum to reimburse an amount paid under the Workmen's Compensation Law to injured employees, whether the injury results from the negligence of some third party or otherwise." The *Truscon* court placed great emphasis on the fact that "[n]o statute is cited in support of the claim that the cause of action exists." *Id.* at 397, 166 N.E. at 368. The court also reasoned that G.C. 1465-101, the predecessor of R.C. 4123.82, indicated the legislature's intent "to prevent the reimbursement of the employer for any amount paid pursuant to the provisions of the Workmen's Compensation

Act to an injured employee." *Id.* at 397-398, 166 N.E. at 369.

*Midvale Coal Co., supra,* involved an action filed by an employer whose employee was injured in a coal mining accident by a defective explosive cartridge supplied by a third party. The employee filed an application for workers' compensation and the claim was allowed. As a result, the employer's workers' compensation premiums increased. The employer subsequently sought to recover the amount of the increased premiums from the third-party supplier. The lower courts ruled against the employer, but this court reversed, holding in a four-paragraph syllabus that:

"1. Section 1465-101, General Code, was enacted to prevent competition with the state insurance fund and is not applicable to a contract which does not constitute an agreement which undertakes to indemnify or insure an employer against loss or liability for the payment of compensation to workmen or their dependents.

"2. Damages which are incidentally suffered by an employer because of the negligent act of a third party tortfeasor toward such employer's employee are ordinarily considered too remote to be recoverable against such third party by the employer.

"3. Where a third party negligently injures an employer's employee and such injury is a direct result of a breach of contract which the third party had with employee's employer, and as a direct result of such breach the employer suffers damages, such damages are recoverable by the employer against the third party in an action for breach of contract.

"4. Ordinarily a double recovery against a single wrongdoer for the same injury is not permitted, but the double recovery doctrine is not applicable where a single act caused a breach of two duties, one in contract and one in tort."

The *Midvale* court distinguished its holding from *Truscon* based on the differing facts in the two cases:

"In the *Truscon* case, the injury to the employee was caused by the negligence of a third party. The injury was to the employee and not the employer. The third party had a duty to the employee not to negligently injure him but that duty was not owed to the employer. In the instant case, while the act of defendant was a negligent act with reference to plaintiff's employee, and, therefore, such employee could have an action against defendant for negligence, defendant also breached a duty it owed to plaintiff in that the injury to plaintiff's employee was not only an act of negligence toward plaintiff's employee but was a breach of contract with reference to plaintiff." *Id.* at 444-445, 40 O.O. at 432, 89 N.E. 2d at 677.

In *Fischer, supra,* an employer sought to recover the amount of increased workers' compensation benefits from a third party whose agent's negligence had caused the death of an employee of the employer. The lower courts denied recovery and this court affirmed. The *Fischer* syllabus stated:

"An employer cannot recover from any source any sum to reimburse him for an increased amount paid as a premium under the Workmen's Compensation Act due to the death of an employee, although such death was caused by the act of a third party. (*Truscon Steel Co.* v. *Trumbull Cliffs Furnace Co.* * * *, approved and followed; *Midvale Coal Co.* v. *Cardox Corp.* * * *, overruled.)"

The *Fischer* court relied upon the determination of the *Truscon* court at 397-398, 166 N.E. at 369, that R.C. 4123.82 (formerly G.C. 1465-101) indicated the legislature's intent "to pre-

vent the reimbursement of the employer for any amount paid pursuant to the provisions of the Workmen's Compensation Act to an injured employee." *Fischer* also determined that *Midvale* should be overruled because the differing results in *Truscon* and *Midvale* were "without basis in reason." *Fischer* at 33, 23 O.O. 2d at 310, 191 N.E. 2d at 166.

A review of these three prior determinations leads us back to this court's holding in *Ledex, supra.* The instant cases are before us today because the courts of appeals of this state have issued conflicting opinions in interpreting *Ledex.*

Some of the parties in the actions before us argue that whatever the proper interpretation of *Ledex* may be, it applies only to state fund employers which are seeking damages from a third party for the increased premiums they incur when an employee is injured in the course of his employment by a negligent third party. While *Ledex* did involve a state fund employer seeking damages for increased premiums, it is our intention that today's holding will apply to self-insured employers seeking reimbursement of workers' compensation-related payments as well as to state fund employers seeking damages for increased premiums.

There is no doubt that a difference in the employer's status may be significant in determining damages in such a case. However, we fail to find how such a difference is significant in determining whether or not an employer has a cause of action in these types of cases. No statute or case law exists which compels us to logically reach a different conclusion.

In *Ledex,* as in *Truscon, Midvale,* and *Fischer,* this court considered R.C. 4123.82, and its effect on causes of action similar to those currently before us. *Truscon* and *Fischer* found that

R.C. 4123.82 barred such a cause of action. *Midvale* and *Ledex* found that R.C. 4123.82 did not bar such a cause of action. That section provides in relevant part:

"(A) All contracts and agreements are void which undertake to indemnify or insure an employer against loss or liability for the payment of compensation to workmen or their dependents for death, injury or occupational disease occasioned in the course of such workmen's employment, or which provide that the insurer shall pay such compensation, or which indemnify the employer against damages when the injury, disease, or death arises from the failure to comply with any lawful requirement for the protection of the lives, health, and safety of employees, or when the same is occasioned by the willful act of the employer or any of his officers or agents, or by which it is agreed that the insurer shall pay any such damages. * * *"

We agree with the *Midvale* court's determination as to the intent of the legislature in enacting R.C. 4123.82 (G.C. 1465-101): "* * * [T]he enactment of Section 1465-101 was to prevent competition with the state insurance fund by those who are in the business of furnishing private insurance to indemnify or insure employers against loss or liability for the payment of workmen's compensation * * *." *Id.* at 445, 40 O.O. at 432, 89 N.E. 2d at 677. The *Midvale* court also stated: "From the reading of the statute it would seem that Section 1465-101 means that there shall be no agreements of insurance or indemnity in this state to insure or indemnify any employer for any sums he may have to pay an injured employee or his dependents under the Workmen's Compensation Act." *Id.* at 444, 40 O.O. at 431-432, 89 N.E. 2d at 677.

In our view, R.C. 4123.82 relates

only to contracts and agreements insuring or indemnifying employers against liability for payment of compensation or damages to workers or their dependents. In cases where no such agreement is made or involved the statute has no application. Not one of the actions being considered today involves such an agreement.

Thus, we find that R.C. 4123.82, *standing alone,* does not bar the employers involved in the cases at bar from recovering damages from the respective defendants. To the extent that *Truscon, supra,* can be interpreted to hold that R.C. 4123.82 does apply in these instances, it is hereby overruled.

We now turn to the question of whether a state fund employer which has incurred increased workers' compensation premiums or a self-insured employer which directly paid medical expenses and other related workers' compensation benefits because of an injury suffered by an employee, may recover damages against the third party who negligently caused the injury to the employee in the absence of any legal relationship based on contract or warranty between the employer and the third party.

It is argued by the employers in the instant cases that the damages they have suffered are clearly foreseeable, and therefore a cause of action based solely on negligence should be recognized. We disagree. Before the issue of damages can be reached, a legal duty owed by the negligent third party to the employer must have existed. It is hornbook law that actionable negligence exists only where the one whose act causes the injury owes to the injured person a duty which he failed to observe.

In *Midvale, supra,* this court based the employer's ability to recover damages on the fact that the third-party supplier had breached its contract with the employer. The contract provided the legal duty owed by the third-party supplier to the injured employee's employer. We emphasized that *Truscon, supra,* was different because there was no contractual relationship between the employer and the negligent third party in that case. The focus was on legal duty. We now reiterate that portion of *Midvale* cited above: "In the *Truscon* case, the injury to the employee was caused by the negligence of a third party. The injury was to the employee and not the employer. *The third party had a duty to the employee not to negligently injure him but that duty was not owed to the employer.* In the instant case, while the act of defendant was a negligent act with reference to plaintiff's employee, and, therefore, such employee could have an action against defendant for negligence, *defendant also breached a duty it owed to plaintiff in that the injury to plaintiff's employee was not only an act of negligence toward plaintiff's employee but was a breach of contract with reference to plaintiff.*" (Emphasis added.) *Id.* at 444-445, 40 O.O. at 432, 89 N.E. 2d at 677.

The *Midvale* court proceeded to state:

"If * * * plaintiff's employee had been injured through the negligence of a third party, which party owed no duty to plaintiff, it could well be argued that any damages which plaintiff suffered as a result of the injury to his employee would be too remote for plaintiff to recover. In such a situation the breach of duty by the third party would be toward only the person of plaintiff's employee by one who owed no duty to plaintiff. Such was the situation in the *Truscon case.*

"The situation is entirely different where defendant not only had a duty to plaintiff's employee not to negligently

injure him, but had a contractual duty to plaintiff not to cause plaintiff injury.

"The damages which plaintiff is claiming are not alleged to have grown out of simply the tortious act of defendant toward plaintiff's employee, but to have arisen from defendant's breach of contract with plaintiff." *Id.* at 449, 40 O.O. at 434, 80 N.E. 2d at 679. Accord *Dayton Power & Light Co.* v. *Westinghouse Elec. & Mfg. Co.* (C.A. 6, 1923), 287 F. 439.

We do not find that a duty to an injured employee's employer exists by virtue of the pronouncements of common law, by legislative enactment, or by operation of law. It would appear that such a duty could only exist based on contract or warranty. See *Midvale, supra.*

Although *Midvale* was overruled in *Fischer, supra,* it was expressly reinstated in *Ledex.* It is highly significant to note that the entire *Midvale* decision was reinstated in *Ledex,* not simply a portion of it. Moreover, *Ledex* relied heavily upon *Midvale.* "In the instant case, as in *Midvale,* we are confronted with a third party who allegedly was 'guilty of a breach of two duties.' " *Ledex, supra,* at 129, 10 OBR at 452, 461 N.E. 2d at 1302.

The employers in the instant actions maintain that *Ledex* recognizes an employer's cause of action against a third party based solely on negligence. If we assume the truth of this assertion, then the *Ledex* opinion contains a conflict within itself. *Midvale* and an opinion which recognizes an employer's cause of action against a third

party based solely on negligence cannot co-exist. *Midvale* held that in these types of cases the duty not to negligently injure an employee *is not owed to the employer.* As stated above, we agree with that holding.

In order to recognize a cause of action based on negligence only, we would have to overrule *Midvale.* We realize that *Ledex* may contain some language that could be interpreted as being at odds with *Midvale.* Nevertheless, *Ledex* expressly reinstated *Midvale* and placed a great deal of reliance on its logic. In reading both cases together, we are convinced that *Midvale* was the cornerstone of the *Ledex* decision and that its reasoning should be followed today. We refuse to abandon *Midvale* for a second time.[1] See *Fischer, supra.*

Therefore, we hold that a self-insured employer which has paid medical expenses and other related workers' compensation benefits, or a state fund employer which has incurred increased workers' compensation premiums due to an injury suffered by an employee, may not recover damages against the third party who negligently caused the injury to the employee in the absence of any legal relationship based upon contract or warranty between the employer and the third party.

We also reiterate the view espoused in the third paragraph of the syllabus of *Midvale* which was buttressed by the judgment in *Ledex*:

"Where a third party negligently injures an employer's employee and

---

[1] We recognize that the *Midvale* decision has been criticized. 2A Larson, The Law of Workmen's Compensation (1988) 14-903 to 14-907, Section 77.13. However, we note that this criticism is attributable to the absence of a statute which would subrogate the employer to the employee's claim against the third party to the extent of workers' compensation received by the employee. See *Ledex, supra,* at 129, 10 OBR at 451-452, 461 N.E. 2d at 1302. Ohio, Georgia, and West Virginia remain the only states lacking such a statute. Larson, *supra,* at 14-904, Section 77.13.

such injury is a direct result of a breach of contract which the third party had with employee's employer, and as a direct result of such breach the employer suffers damages, such damages are recoverable by the employer against the third party in an action for breach of contract." See, also, *Midvale Coal Co.* v. *Cardox Corp.* (1952), 157 Ohio St. 526, 47 O.O. 380, 106 N.E. 2d 556. With these principles in mind, we must now determine whether the courts below correctly disposed of the five instant causes.

## II
### Case No. 88-95

The court of appeals in this cause recognized the appellee employer's cause of action was based solely on the negligence of the third party. As a result, it reversed the summary judgment granted in favor of the appellants. The record shows no evidence that a legal relationship existed between the employer and the third party based upon contract or warranty. Under our analysis above, we find that the appellee employer has no cause of action to recover damages from the third party.

Accordingly, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

### Case No. 88-114

In this case, the court of appeals ruled that the partial summary judgment granted in favor of the negligent third parties was proper. The appellant employer sought reimbursement of the workers' compensation benefits paid to its injured employee based solely on the negligence of the third parties. Nothing in the record reveals a breach of duty owed to the employer based on contract or warranty. The court of appeals ruled against the appellant

employer on the authority of *Automatic Vendors, Inc.* v. *Lawrence, supra*. That decision is in accord with our holding above.

Accordingly, the judgment of the court of appeals is affirmed.

### Case No. 88-169

In this cause, the trial court granted summary judgment in favor of all defendants on the authority of *Automatic Vendors, supra*. On appeal, the court of appeals held that an employer cannot recover damages against a third-party tortfeasor whose negligence caused injury to the employer's employee, resulting in increased workers' compensation costs, absent some contractual relationship between the employer and the tortfeasor. A review of the record indicates no allegations made by the appellant employer that the negligent third party breached a contract or warranty. The decision of the court of appeals is consistent with our analysis above.

Accordingly, we affirm the judgment of the court of appeals.

### Case No. 88-217

This case involves two separate actions consolidated for review by the court of appeals. No breach of contract or warranty was alleged by the appellant employer in either action. The court of appeals held that the appellant employer could not state a claim against Cousino or the Rowes for recovery of workers' compensation benefits directly paid to the injured employees "in the absence of a breach of a legal duty, *e.g.,* a contractual duty," owed to the appellant employer by Cousino or Rowe's physician.

We find the judgments in both actions to be consistent with our holding today. Therefore, we affirm the judgment of the court of appeals.

## Case No. 88-268

The court of appeals in this cause affirmed the decision of the trial court to dismiss the appellant employer's action because the appellant employer's action was based solely on the negligence of the third party. The record fails to suggest that the third party owed a legal duty to the appellant employer based on contract or warranty.

Based on the foregoing and our analysis above, we affirm the judgment of the court of appeals.

*Judgments accordingly.*

MOYER, C.J., SWEENEY, DOUGLAS and H. BROWN, JJ., concur.

HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. R.C. 4123.82 and its predecessor, G.C. 1465-101, have espoused much confused thought and pronouncements by this and other courts. In essence these statutes have pronounced the legislative determination of public policy by voiding all contracts and agreements "which undertake to indemnify or insure an employer against loss or liability for payment of compensation to workmen." This is a valid expression of public policy with which I basically agree. The continued alertness and concern for the safety of employees' working conditions should never be lessened by the management decision to contract for private insurance coverage to provide indemnification for expenses of injured workers. But that is not the proper rationale for the determination of the issue before us.

The issue presented is not one involving the internal working conditions under the employer's control that have occasioned an injury of the employee, the expenses of which the employer is attempting to set off. Rather, the issue is whether the statute is a bar to an employer's right to recover from a third party, who has injured the employer's employee, the damages suffered by the employer in the form of increased workers' compensation expense mandated by state law. For a state fund employer the damages are in terms of increased workers' compensation premiums paid to the Bureau of Workers' Compensation. For a self-insured employer the damages are in terms of the direct payment of compensation and medical benefits paid to and on behalf of the employee.

In the context of the sections of Ohio workers' compensation law which hold the employer liable without fault for the injuries of his employees received within the scope of their employment, I conclude that there is a legal duty extending from third-party tortfeasors to an employer whose employees are injured by the negligence of such third party.

Whether the third party's conduct is analyzed in terms of duty or in terms of proximate cause, the result is the same. The third party owed a duty of care not to add an expense of business operation to an Ohio employer mandated to operate under the workers' compensation laws. I do not espouse a totally unique theory in this regard, in that at common law it may be found that an employer may have a recovery for injuries which, while done to his employee, actually resulted in expense to the employer. "Under the rule of the common law, an employer may maintain against the wrongdoer an action to recover damages on account of loss which he may have sustained by reason of an injury to his employee." 53 American Jurisprudence (1970) 407, Master and Servant, Section 402. See, also, *United States* v. *Standard Oil Co.*

(1947), 332 U.S. 301, 312; Annotation (1958), 57 A.L.R. 2d 802, at 804.

There is authority for the view that the employer may recover for all of his damages. *Inland Revenue Commissioners* v. *Hambrook* (1956), 2 Q.B. 641, 3 All Eng. 338, 57 A.L.R. 2d 790; Annotation, *supra*, at 815-817; *Jones* v. *Waterman S.S. Corp.* (C.A. 3, 1946), 155 F. 2d 992. Thus, the appropriate question is not whether such duty can be found, but to what extent it may reasonably be applied. As I have pointed out, R.C. 4123.82 tends to maintain the safety vigilance of Ohio employers, and also protects the State Insurance Fund by prohibiting employers from obtaining insurance policies in competition with such fund. However, the statute nowhere addresses any aspect of the question before this court of whether an employer is barred from suing third parties who injure, by their negligence, the employer's employee. The earlier cases discussed within the majority opinion, which relied upon this statute as a basis for resolving this and other related questions, were mistaken in so doing and have thereby introduced elements of uncertainty into this area of the law, particularly in that their holdings distinguish an employer's recovery upon a tort theory from recovery under a theory of breach of a contractual duty by a third party. In these types of actions for recovery of damages suffered by an employer for injuries received by his employee, there is no logical or rational distinction that can be made between the two theories of recovery.

This court has never been troubled in finding a duty in situations outside workers' compensation considerations. We have taken for granted on innumerable occasions that the third party may be sued by a spouse for those injuries, consequentially incurred, which such third party causes when he negligently injures the other spouse. The spouse who suffers the secondary injuries is permitted to bring the action in his or her own name, and to sue for damages which he or she alone incurs as a result of the injury to the other spouse. The duty extending from the third party to the spouse suffering the consequential injuries is, as in the present case, premised upon the relationship between the directly injured spouse and the consequently injured spouse, and upon the age-old recognition that to injure the one is to injure the other. Furthermore, the same rationale and principle are regularly applied to allow parents of injured children to sue the negligent third party. The parent may likewise sue in his own name and for injuries which he alone incurs as a consequence of those injuries directly suffered by the child.

So too in the present case, for a third party to injure the employee of another, while the employee is acting within the scope of his employment, such third party will, under the workers' compensation statute, create consequential damages to the employer. Their legal relationship as employer and employee requires that when the former is injured, the latter must incur either an increase in workers' compensation premiums or an outright payment of benefits. It is not only foreseeable, but a virtual certainty, that one who injures the employee of this employer will also cause damage to such an employer. Clearly a duty exists and the tortfeasor must take his plaintiff as he finds him.

Finally, and perhaps most anomalous of all, is that we have never shown the slightest hesitation in applying the principle that an employer is liable, under the doctrine of *respondeat superior*, to third persons for acts of his employee, whether the employer

directed the activity or not. This doctrine has been embraced to justify an extension of a duty to the employer for the acts of his servant no matter what, so long as the act or omission occurred within the scope of the employment relationship, and this even if the employee is mentally incapacitated. *Central of Georgia Ry. Co.* v. *Hall* (1905), 124 Ga. 322, 52 S.E. 679. The duty derives, by various rationales, from the fact that, while the employee is so employed, there is but one authority in the matter, that being the employer's; and whatever act which the employee does is considered the act of the employer, even though the latter may be faultless. There should thus be little trepidation in finding a duty owed to the employer who is consequently injured when a third party negligently injures his employee.

My conclusions as expressed in this dissent are of course limited to the employer-employee situation encompassed within the workers' compensation law of Ohio, and the duty imposed under such Act upon employers to compensate the injuries received by their employees who are engaged in their employment activities.

A further point must be made as an underlying legal principle within my dissent, which is that the third-party tortfeasor may not be held liable more than once for the same tort. If an action is brought first by an employer for expenses relating to injuries to his employee, setoff of such recovered amounts must be made in a later action brought by the employee. If an action is brought first by the employee, any amounts received from the State Insurance Fund by the employee for such injuries must be set off from any judgment rendered later against the third-party tortfeasor.

Accordingly, I would hold that a duty exists under the circumstances set forth in the cases before us, and respectfully dissent from this majority opinion.

WRIGHT, J., concurs in the foregoing dissenting opinion.