FOUNTAIN CITY LEASING, INC., Appellant,

v.

KEY TRANSPORT, INC. et al., Appellees.

[Cite as *Fountain City Leasing, Inc. v. Key Transport, Inc.* (1989) 65 Ohio App.3d 100.]

Court of Appeals of Ohio,
Shelby County.

No. 17–88–5.

Decided Oct. 19, 1989.

*Gretick, Bish, Lowe & Roth* and *Craig L. Roth,* for appellant.

*Blake, Faulkner, Garmhausen, Keister & Shenk* and *James L. Thieman,* for appellees Key Transport, Inc. and Robert DeLong.

*Robert Liss,* for appellee Marshall M. Brown.

---

THOMAS F. BRYANT, JUDGE.

This is an appeal by the plaintiff, Fountain City Leasing, Inc., from a judgment of the Court of Common Pleas of Shelby County.

Appellant's employee Marshall Brown was injured as a result of a rear-end collision between two semitrailers on September 12, 1983. Appellant alleged that due to the negligence of the defendants-appellees, Key Transport, Inc. and Robert DeLong, it has been required to pay higher premiums under the workers' compensation law for payments made to its employee as a result of the injuries. The trial court held that in the absence of a breach of a contractual duty separately owed to the employer no cause of action exists to

permit recovery of increased workers' compensation insurance premiums due to the actions of a third party. Additionally, the court found the applicable statute of limitations to be the two-year limit for bodily injury claims imposed by R.C. 2305.10.

It is from this judgment that appellant, Fountain City Leasing, Inc., now appeals, asserting two assignments of error.

■ Appellant's first assignment of error is:

"The trial court erred in ruling that in the absence of a breach of a contractual duty owed separately to the employer, the employer had no cause of action for increased workers' compensation premiums against the third party who negligently injured an employee."

The Ohio Supreme Court in *Cincinnati Bell Tel. Co. v. Straley* (1988), 40 Ohio St.3d 372, 380, 533 N.E.2d 764, 772, held that:

" * * * a self-insured employer which has paid medical expenses and other related workers' compensation benefits, or a state fund employer which has incurred increased workers' compensation premiums due to an injury suffered by an employee, may not recover damages against the third party who negligently caused the injury to the employee in the absence of any legal relationship based upon contract or warranty between the employer and the third party."

A review of the case before us reveals that appellant, Fountain City Leasing, Inc., is a complying employer under Ohio's workers' compensation laws as a state-fund employer. Appellant claims that, as a proximate and direct result of the negligence of appellee's employee, appellant's employee suffered personal injuries for which a workers' compensation award was made. As a direct result of this award, the appellant has had an increase in workers' compensation premiums.

The trial court did not find, appellant does not claim, and we do not find in the record evidence of a legal relationship based upon contract or warranty between appellant, and appellees, Key Transport, Inc. and Robert Delong. *Cincinnati Bell Tel. Co., supra,* dictates that the absence of such a legal relationship is fatal to appellant's cause of action.

Appellant's first assignment of error is overruled.

■ Appellant's second assignment of error is: ·

"The trial court erred in ruling that an employer's claim for increased workers' compensation premiums is governed by the two year statute of limitations found in R.C. 2305.10 instead of the four year statute of limitations found in R.C. 2305.09."

The first step in ascertaining the applicable statute of limitations is to determine the actual nature of the action. In this case, we must decide what kind of cause of action is presented when an attempt to recover increased workers' compensation premiums is made.

Appellee urges the affirmation of the trial court's decision relying on R.C. 2305.10. R.C. 2305.10 states in part that "[a]n action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Appellant urges the adoption of the four-year tort statute of limitations in R.C. 2305.09. R.C. 2305.09 states as follows:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

" * * *

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code."

R.C. 2305.10 is the statute of limitations for an action arising from a bodily injury or injury to personal property. R.C. 2305.09 is the statute of limitations for certain torts and for causes not arising on contract or enumerated elsewhere in the code.

The cause of action permitting recovery of increased workers' compensation premiums or paid medical expenses and other related workers' compensation benefits arises from a relationship between an employer and an employee who has suffered an injury inflicted by a third party. An employer bringing this claim must demonstrate a legal relationship based upon contract or warranty between the employer and the third party. Once this relationship has been established, the state-fund employer may recover the value of the increased premiums or the self-insured employer may recover the medical expenses and other related workers' compensation benefits paid.

We find the right of the employer to recover for the increased premiums and other expenses generated by his employee's workers' compensation claim, as the result of an injury inflicted by a third party, to be analogous to the right of a spouse to recover for loss of consortium due to injury by a third party or the right of a parent to recover for injury to a minor child caused by a third party. In each of these situations, the right to recover from the third party by the employer, spouse, or parent arises from the bodily injury inflicted upon the employee, spouse or minor child for which the employer, spouse, or parent has incurred an increased expense or experienced a loss of services due to the actions of a third party. For this reason, we believe that had appellant

met the burden for maintaining its cause of action the appropriate statute of limitations would have been four years as articulated in R.C. 2305.09(D).

"In order for Appellant to sustain his assignment of error, he must demonstrate not only error of the trial court but also the prejudice resulting to him from that error." *Moorman v. Furbush* (Oct. 10, 1989), Allen App. No. 1–88–16, unreported, 1989 WL 122536. While appellant has successfully demonstrated error, it has failed to meet the requirements of its cause of action under *Cincinnati Bell Tel. Co.* and therefore has failed to demonstrate how it was prejudiced by the second assignment of error.

Appellant's second assignment of error is overruled for failure to demonstrate prejudice.

For the reasons stated above and upon the authorities cited and discussed, the judgment of the Common Pleas Court of Shelby County is affirmed.

*Judgment affirmed.*

SHAW and MILLER, JJ., concur.