**Appleton Papers, Inc.**
v.
**Allis-Chalmers Corp.**
*[Cite as 4 AOA 57]*

*Case No. CA-11866*
*Montgomery County (2nd)*
*Decided June 8, 1990*

*William L. Havemann, Pickrel, Schaeffer & Ebeling, 2700 Kettering Tower, Dayton, Ohio 45423, for Plaintiff-Appellant.*

*Thomas L. Czechowski, Jenks, Surdyk & Cowdrey Co., L.P.A., 205 East First Street, Dayton, Ohio 45402, for Defendant-Appellee.*

GRADY, J.

Appellant Appleton Papers, Inc. seeks review of the trial court's decision granting summary judgment for Appellee Allis-Chalmers, Corp. The trial court concluded that *Cincinnati Bell Telephone Co.* v. *Straley* (1988), 40 Ohio St.3d 372, barred Appleton's claim against Allis-Chalmers for reimbursement for worker's compensation benefits paid to an employee injured on a machine manufactured by Allis-Chalmers. The trial court found that because Appleton failed to establish a breach of duty arising out of a contract or express warranty, there was no genuine issue of fact and Allis-Chalmers was entitled to summary judgment as a matter of law.

The issue presented for our consideration is purely a legal question: May an employer seek reimbursement from a third-party tortfeasor upon the theory that the third-party tortfeasor breached an implied warranty? Based upon the holding in *Cincinnati Bell, supra,* we conclude that an employer may not seek recoupment of workers' compensation benefits on an implied warranty theory. For reasons more fully explained below, we agree with the trial court and sustain its decision.

I.
*Factual Posture*

On November 19, 1985, Richard Alexander, an employee of Appleton Papers, Inc. was operating the calendar stack assembly of a paper machine designed, manufactured and sold by Allis-Chalmers. While operating the machine Alexander's arms were drawn into the roller combination, resulting in a below the elbow amputation of his right arm, amputation of his fourth and fifth fingers of his left hand, and a fracture of the bones in his left wrist. Alexander filed for and received Workers' Compensation benefits directly from Appleton as a self-insured

employer under Ohio's Workers' Compensation system.[1]

Appellant Appleton purchased the paper mill and its machinery from Kimberly-Clark Corporation. The machine on which Alexander was injured was originally purchased by Kimberly-Clark from Allis-Chalmers, the manufacturer, in 1967. Thus no contract or express warranties or other agreement exists between Appleton and Allis-Chalmers.

As a result of Alexander's injuries, Appleton filed a complaint against Allis-Chalmers seeking reimbursement for the Workers' Compensation benefits paid to Alexander. In its complaint, Appleton alleged that Alexander's injuries were the direct and proximate result of the negligence of Allis-Chalmers in its design and manufacture of the paper machine. Appleton also alleged that Allis-Chalmers breached implied warranties of merchantability and fitness for a particular purpose. Finally, Appleton alleged that as a result of Allis-Chalmers' conduct, it was forced by the Ohio Industrial Commission to pay Alexander's medical expenses and disability benefits.

Allis-Chalmers move for summary judgment, arguing that under the rule of *Cincinnati Bell, supra,* limits claims of this kind to those based on an express agreement between the parties. The trial court agreed and granted summary judgment.

Appleton filed a timely notice of appeal presenting one assignment of error for our consideration.

## II.
### *Motion for Summary Judgment*
Appleton's assignment of error states:
"THE TRIAL COURT ERRED IN RULING THAT AN EMPLOYER MAY NOT BRING AN ACTION AGAINST A THIRD-PARTY TORTFEASOR TO RECOUP WORKERS' COMPENSATION BENEFITS PAID ITS EMPLOYEES INJURED BY THE THIRD PARTY UPON A THEORY OF IMPLIED WARRANTY OR STRICT LIABILITY IN TORT."

Civ.R. 56(C) provides that a motion for summary judgment should be granted upon a showing that "there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law." See, generally, *Thompson* v. *New York Life Insurance Co.* (December 4, 1989), Montgomery App. No. 11416, unreported.

The record presents no genuine issue of material fact. Our review is limited to the conclusions of law of the trial court.

The rule of *Cincinnati Bell, supra,* is set out by the Court in the syllabus:

"1. A self-insured employer which has paid medical expenses and other related workers' compensation benefits, or a state fund employer which has incurred increased workers' compensation premiums due to an injury suffered by an employee, *may not recover damages against the third party who negligently caused the injury to the employee in the absence of any legal relationship based upon contract or warranty between the employer and the third party.* (Citations omitted) (Emphasis supplied).

"2. Where a third party negligently injures an employer's employee *and such injury is a direct result of a breach of contract which the third party had with employee's employer,* and as a direct result of such breach the employer suffers damages, *such damages are recoverable against the third party in an action for breach of contract.*" (Citations omitted) (Emphasis supplied).

Thus, any claim by an employer for recoupment of workers' compensation benefits must be founded on a direct legal relationship based on contract or warranty between the employer and the third party independent of any relationship or loss created by the breach of a duty owed the employee by the third party.

The decision in *Cincinnati Bell* also addresses the nature of the required direct legal relationship between the employer and the third party, stating at page 380:

"We do not find that a duty to an injured employee's employer exists by virtue of the pronouncements of common law, by legislative enactments, *or by operation of the law. It would appear that such a duty could only exist based on contract or warranty.*" (Emphasis supplied)

Ohio recognizes the implied warranties of merchantability and fitness for a particular purpose. See, R.C. 1302.27 & 1302.28. Neither of these two warranties arise as the result of an express agreement between the manufacturer or merchant of goods and the consumer. Rather, both warranties arise solely by operation of the law. As noted in American Law of Products Liability 3d (1987), § 20:1:

"An implied warranty *arises under certain circumstances by operation of law* irrespective of any intention of the seller to create it. It is a conclusion or inference of law, although it is said

to arise from a contractual relationship." (Emphasis supplied) See also, American Law of Products Liability 3d (1987), §§ 18:1 & 18:3.

In this case, Appleton based its claim against Allis-Chalmers on a breach of implied warranties and strict liability in tort. Appleton alleged no set of facts giving rise to a breach of a duty based on a contract or express warranty, a prerequisite under *Cincinnati Bell*. Thus, Appleton did not allege the predicate element of a wholly independent duty arising out of a contract or express warranty. Under the standards of Civ.R. 56(C), Allis-Chalmers was entitled to judgment as a matter of law.

In restricting causes of action brought by employers against third parties whose torts have caused the employer a loss through payment of workmen's compensation benefits or increased premiums, the rule of *Cincinnati Bell, supra,* does not impose concepts of "privity" that detract from or modify the long-established rules of *Inglis* v. *American Motors Corporation* (1965), 3 Ohio St. 2d 132 and it predecessor, *Rogers* v. *Toni Home Permanent Co.* (1958), 167 Ohio St. 244. Those cases recognize that a consumer at retail may have a cause of action against the manufacturer of a defective product when the consumer alleges that he purchased and used the product in reliance on the manufacturer's advertising representations and was injured because the product failed to perform as represented. *Toni Home Permanent* and *Inglis* eliminated a lack of privity as a bar to that cause of action upon a holding that the advertising representations bridged the gap between manufacturer and consumer and cured the remoteness of their relationship. In *Cincinnati Bell, supra,* as in the case before us, no such representations were made and no reliance by Appellant is alleged. Further, in view of the substantially better position of Appellant and other employers to act to prevent their losses, as opposed to the position of consumers of retail products, the rule on which we rely sensibly asks for a direct legal relationship through contract or warranty, and a breach thereof, rather than one implied in law.

### III.
### Conclusion

For the reasons stated above, we affirm the trial court's decision granting summary judgment for Allis-Chalmers.

*Judgment affirmed.*

WOLFF P.J., concurs.

BROGAN, J., dissenting.

I would respectfully dissent. The plaintiff has alleged in a separate cause of action that the defendant breached implied warranties of merchantability for a particular purpose when it manufactured and sold the calendar stack to Kimberly-Clark in a condition which was not fit or safe for its ordinary intended use. The plaintiff then purchased the calendar stack from KimberlyClark. The plaintiff is not required to be in privity with the defendant to assert an action based on a breach of an implied warranty. *Inglis* v. *American Motor Corp.* (1965), 3 Ohio St. 2d 132.

Since the plaintiff asserts that a legal relationship exists between itself and the defendant by virtue of the warranty claim, summary judgment was inappropriately entered in the defendant's behalf. *Cincinnati Bell Tel. Co.* v. *Straley* (1988), 40 Ohio St. 3d 373.

---

[1] There is no dispute that Alexander's injuries were compensable and that he is entitled to additional compensation for benefits and medical expenses that will arise in the future.