DIXON TICONDEROGA COMPANY, Appellant,

v.

ANR FREIGHT SYSTEMS, INC. et al., Appellees.

[Cite as *Dixon Ticonderoga Co. v. ANR Freight Systems, Inc.* (1990), 68 Ohio App.3d 707.]

Court of Appeals of Ohio,
Erie County.

No. E–89–46.

Decided July 27, 1990.

*David R. Cook,* for appellant.

*James J. Turek,* for appellees.

---

*Per Curiam.*

This case is an appeal from a judgment of the Erie County Court of Common Pleas.

The facts of this case are as follows. In March 1986, appellee, ANR Freight Systems, Inc. ("ANR"), entered into a contract with appellant, Dixon Ticonderoga Company ("Dixon"), for the transport of materials from Dixon's plant in Sandusky, Ohio. On March 10, 1986, Eugene Howey, a Dixon employee, was loading materials inside a semi-truck trailer operated by Steve McGinnis, a ANR employee. McGinnis drove the semi-truck trailer away from the loading area, and Howey fell from the trailer and was injured.

Subsequently, Howey filed a workers' compensation claim. Pursuant to its obligation as a self-insured employer under the Workers' Compensation Act, Dixon has undertaken to compensate Howey for his injuries.

On August 24, 1987, Dixon filed a negligence and breach of contract action against ANR. Dixon sought recovery of the amounts paid to Howey pursuant to Dixon's obligation's under the Workers' Compensation Act. Subsequently, ANR moved for summary judgment on the ground that an employer is barred from recovering amounts paid to an injured employee under the workers' compensation law in a negligence action against a third-party tortfeasor. ANR also argued that Dixon's breach of contract claim is either a negligence claim given an incorrect nomenclature or a claim for breach of an indemnification contract barred by R.C. 4123.82. On August 28, 1989, the trial court granted summary judgment, without opinion, in favor of ANR apparently on the ground Dixon failed to state a cause of action.

It is from that judgment that Dixon raises the following sole assignment of error:

"The trial court erred in granting the defendant-appellee's motion for summary judgment."

Specifically, Dixon argues that the trial court erred in dismissing its cause of action for breach of implied contract based on Dixon's failure to perform the services contracted for in a skillful, safe and workmanlike manner. Dixon does not argue the trial court erred in dismissing its cause of action sounding only in negligence.

R.C. 4123.82(A) provides that:

"[a]ll contracts and agreements are void which undertake to indemnify or insure an employer against loss or liability for the payment of compensation to workers or their dependents for death, injury, or occupational disease occasioned in the course of the workers' employment * * *."

Further, in *Cincinnati Bell Tel. Co. v. Straley* (1988), 40 Ohio St.3d 372, 533 N.E.2d 764, paragraph one of the syllabus, the court held that an employer may not recover amounts paid under the workers' compensation law from third-party tortfeasors absent a contractual relationship between the

employer and the third party. However, "[w]here a third party negligently injures an employer's employee and such injury is a direct result of a breach of contract * * * such damages are recoverable against the third party in an action for breach of contract." *Id.* at paragraph two of the syllabus.

In the present case, the parties do not dispute that Dixon entered into a. contract with ANR for transportation of Dixon goods. We do not find Dixon's claim that ANR breached an implied contract to perform its services in a skillful, safe and workmanlike manner is either a misnamed tort action or an action for breach of an indemnification contract. Therefore, Dixon is entitled to maintain its cause of action for breach of implied contract under the authority of *Cincinnati Bell, supra.* See, also, *Terex Corp. v. Grim Welding Co.* (1989), 58 Ohio App.3d 80, 568 N.E.2d 739.

In that the trial court erred as a matter of law in granting summary judgment in favor of ANR, we find Dixon's sole assignment of error well taken and granted.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Erie County Court of Common Pleas is reversed. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

HANDWORK, P.J., and GLASSER, J., concur.

ABOOD, J., concurs in judgment only.