**A.H. STURGILL ROOFING, INC., Appellant,**

v.

**ROBERT W. SETTERLIN & SONS CO. et al., Appellees.**

[Cite as *A.H. Sturgill Roofing, Inc. v. Robert W. Setterlin & Sons Co.*, 171 Ohio App.3d 241, 2007-Ohio-2020.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 06CA36.

Decided April 23, 2007.

Dunlevey, Mahan & Furry, Gary W. Auman, Donald B. Rineer, and Laurie A. Gordon, for appellant.

Andrew J. Mollica, for appellee Robert W. Setterlin & Sons Co.

KLINE, Judge.

{¶ 1} A.H. Sturgill Roofing, Inc. ("Sturgill") appeals the judgment on the pleadings granted by the Lawrence County Common Pleas Court in favor of Robert W. Setterlin & Sons Co. ("RWS"). Sturgill was one of several subcontractors working under the general supervision of RWS, a general contractor, at a school construction project. While performing work under the project, Sturgill's employee fell through a hole in the roof that another subcontractor had cut. Sturgill filed a complaint against RWS alleging, inter alia, a breach of contract and claiming damages for its increase in workers' compensation premiums. On appeal, Sturgill claims that the trial court erred in granting RWS's Civ.R. 12(C) motion for judgment on the pleadings because its complaint properly alleged a cause of action for a breach of contract. We agree, because in construing all material allegations in the complaint in favor of the nonmoving party, i.e., Sturgill, together with all reasonable inferences to be drawn therefrom, we cannot find, beyond doubt, that Sturgill can prove no set of facts in support of its claim that would entitle it to relief. Sturgill next contends that the trial court erred when it granted judgment on the pleadings for its causes of action for negligence only and for breach of the multiemployer worksite policy. However, Sturgill admits in its reply brief that these are not proper causes of action in Ohio. We agree, holding that the trial court did not err in dismissing these two causes of action. Accordingly, we affirm the judgment in part, reverse in part, and remand this cause to the trial court for further proceedings consistent with this opinion.

I

{¶ 2} Sturgill, as a subcontractor, entered into a contract with RWS, the general contractor, to do certain roof work on the Rock Hill Local School District ("Rock Hill") construction project involving new elementary and high school buildings. RWS instructed another subcontractor, Scott Hunter Construction Company ("Hunter") to cut an opening in one of the new roofs and install a roof hatch. Sturgill's employee fell through this partial cutting, suffered severe injuries, and received workers' compensation.

{¶ 3} Sturgill filed a complaint seeking to recover, as damages, its increased workers' compensation premiums of approximately $400,000, which it suffered solely as a result of the worksite accident. The complaint alleged three causes of action: (1) breach of the construction contract, (2) negligence, and (3) breach of the multiemployer worksite policy. Sturgill's complaint incorporated the construction contract by reference. Sturgill also attached a copy of the contract to its complaint.

{¶ 4} Sturgill's complaint alleged that RWS was contractually obligated "to provide for the safety of those working on the Project." Paragraph 2.1 of the contract states that Sturgill shall work "under the general direction of [RWS]." Paragraph 3.14.9 provides that "[p]revention of accidents at the site is the responsibility of [RWS, Sturgill], and all other subcontractors, persons and entities at the site." And the same paragraph provides that RWS has the authority to stop any of Sturgill's work that it considers unsafe. Paragraph 5.2 provides that RWS shall prepare the schedule for the performance of the work, revise it when necessary, and "change the time, order and priority in which the various portions of the Work shall be performed and all other matters relative to the Subcontract Work."

{¶ 5} Other pertinent parts of the complaint alleged:

16. On or about August 13, 2001, RWS instructed another of its subcontractors, Scott Hunter Construction Company ("Hunter"), to cut an opening in the roof and install an access door.

17. As the general contractor, RWS was responsible for supervising Hunter and assuring that the roof cutting and the installation of the access door was performed in a safe manner. RWS failed to utilize flags, ropes or any other proper warnings during the roof cutting, failed to provide notice to Plaintiff and its employees of the roof cutting, and failed to adequately instruct Hunter on the proper warnings to utilize during the roof cutting.

18. As a direct result of RWS's breach of contract and negligence, on or about August 13, 2001, an employee of Plaintiff inadvertently walked onto the area where the opening to install the access door was partially cut. The opening

gave away and the employee fell approximately twenty (20) feet and suffered severe injuries.

19. At the time of the accident, the employee was working in the course and scope of his employment with Plaintiff. As a result of this injury, the employee recovered workers' compensation benefits. Consequently, Plaintiff will experience an increase in its workers' compensation premiums of approximately $400,000.00.

\* \* \*

54. Plaintiff incorporates the prior paragraphs of this pleading as if fully rewritten herein.

55. A legal relationship based upon contract existed between Plaintiff and RWS. Based upon the Subcontract, RWS owed a legal duty to Plaintiff to not negligently injure Plaintiff's employee and cause Plaintiff to suffer damages.

56. RWS breached its contractual obligations with Plaintiff when it negligently injured Plaintiff's employee.

57. As a direct result of RWS's breach of contractual obligations, Plaintiff's employee filed a workers' compensation claim for his injuries and received workers' compensation benefits.

58. As a direct result of RWS's breach of contractual obligations, Plaintiff will suffer damages in approximately $400,000.00, attributable to an increase in Plaintiff's workers' compensation premiums over the next four years.

{¶ 6} RWS filed a Civ.R. 12(C) motion for judgment on the pleadings, contending that none of Sturgill's three causes of action state a claim. The trial court granted RWS's motion.

{¶ 7} Sturgill appeals without setting forth any assignments of error as required by the appellate rules. See App.R. 16(A)(3). In the interest of justice, we have reviewed its arguments and two statements of issues and framed one assignment of error for our review as follows: The trial court erred when it granted RWS's Civ.R. 12(C) motion for judgment on the pleadings.

## II

{¶ 8} Sturgill contends that its complaint alleges a breach of the construction contract in its first cause of action. The crux of RWS's contention is that it did not owe a duty of safety to Sturgill under the construction contract.

{¶ 9} A motion for judgment on the pleadings pursuant to Civ.R. 12(C) is, essentially, a belated Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *State ex rel. Holloman v. Phillips*, 100

Ohio St.3d 70, 2003-Ohio-5063, 796 N.E.2d 524, ¶ 8, at fn. 3; *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 482, 597 N.E.2d 1137. Judgment on the pleadings is appropriate if, in construing all material allegations in the complaint in favor of the nonmoving party, together with all reasonable inferences to be drawn therefrom, the court finds, beyond doubt, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.,* 106 Ohio St.3d 412, 413, 2005-Ohio-5409, 835 N.E.2d 701, at ¶ 2; *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931; *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165–166, 63 O.O.2d 262, 297 N.E.2d 113. We review the entry of judgment on the pleadings de novo, granting no deference to the trial court's judgment. *Fontbank, Inc. v. CompuServe, Inc.* (2000), 138 Ohio App.3d 801, 807, 742 N.E.2d 674.

{¶ 10} Here, we are required to accept as true all the material allegations of Sturgill's complaint with all the inferences drawn therefrom construed in Sturgill's favor. Because Sturgill attached the contract to the complaint and incorporated it therein under paragraph 14, we are required to examine it as well because it is considered part of the complaint. See Civ.R. 10(C); *J & J Schlaegel, Inc. v. Union Twp. Bd. of Trustees,* Champaign App. No. 2005–CA–31 & 34, 2006-Ohio-2913, 2006 WL 1575036, at ¶ 38.

{¶ 11} We first look at Sturgill's cause of action for breach of the construction contract.

{¶ 12} When an employer pays an injured employee under the Workers' Compensation Act, R.C. 4123.82 prevents the reimbursement to the employer for any amount paid to the employee; therefore, no employer's cause of action exists. However, the Ohio Supreme Court has carved out an exception for an employer's cause of action when a third party owes a duty to the employee and at the same time owes a contractual duty to the employer. For example, a third party's actions can both breach a duty to the employee (the employee's cause of action is negligence) and breach a contractual duty to the employer (the employer's cause of action is breach of contract). Specifically, the court stated, "Where a third party negligently injures an employer's employee and such injury is a direct result of a breach of contract which the third party had with employee's employer, and as a direct result of such breach the employer suffers damages, such damages are recoverable against the third party in an action for breach of contract." *Cincinnati Bell Tel. Co. v. Straley* (1988), 40 Ohio St.3d 372, 533 N.E.2d 764, paragraph two of the syllabus.

{¶ 13} Here, Sturgill, as an employer, paid its injured employee under the Workers' Compensation Act. Hence, R.C. 4123.82 prevents Sturgill's reimburse-

ment for its increase in workers' compensation benefits unless it can show that the third party, RWS, as the general contractor, breached a contractual duty owed to Sturgill.

{¶ 14} We hold that based on the language within the complaint, which includes the contract, everyone at the site, including RWS, had the duty to provide for the safety of each other. Paragraph 15 of the complaint alleges that RWS was contractually obligated to provide for the safety of everyone working at the project site. The contract provided that (1) Sturgill worked under the general supervision of RWS, (2) RWS shared the responsibility for the prevention of accidents with everyone else who worked at the site, (3) RWS had the authority to stop Sturgill's work when it considered the work unsafe, and (4) RWS scheduled the work and could revise the schedule when necessary. Therefore, RWS owed a duty of safety to Sturgill.

{¶ 15} We must now decide whether Sturgill alleged sufficient facts in its complaint to show that RWS breached its duty of safety to Sturgill. The crux of the allegations within the complaint provide that "RWS failed to utilize flags, ropes or any other proper warnings during the roof cutting," that RWS instructed another subcontractor (Hunter) to perform the roof cutting, and that RWS "failed to provide notice to Plaintiff and its employees of the roof cutting, and failed to adequately instruct Hunter on the proper warnings to utilize during the roof cutting." Therefore, in construing all material allegations in the complaint in favor of Sturgill, together with all reasonable inferences to be drawn therefrom, we cannot find, beyond doubt, that Sturgill can prove no set of facts in support of its claim that would entitle it to relief. Consequently, we hold that the trial court erred when it granted RWS's motion for judgment on the pleadings as it relates to Sturgill's cause of action for breach of the construction contract.

{¶ 16} In its second and third causes of action, Sturgill also tries to recover against RWS for its increased workers' compensation premiums. However, it alleged a negligence-only cause of action in its second cause of action and a breach of a multiemployer worksite policy involving the Occupational Safety and Health Administration ("OSHA") in its third cause of action. It admits in its reply brief that "Ohio does not recognize a negligence-only claim or civil liability under OSHA." We agree and hold that the trial court did not err in this regard. See *Straley*, 40 Ohio St.3d 372, 380–381, 533 N.E.2d 764 (a third party's negligence in injuring the employer's employee is actionable by the employer only if the negligence also amounts to a breach of contract.); *Anderson v. Ruoff* (1995), 100 Ohio App.3d 601, 605, 654 N.E.2d 449 ("OSHA standards relate only to employers and do not provide a private cause of action for third parties").

{¶ 17} Accordingly, we sustain Sturgill's assignment of error as it relates to its first cause of action and overrule Sturgill's assignment of error as it relates to its

second and third causes of action. We affirm the judgment of the trial court in part, reverse it in part, and remand this cause to the trial court for further proceedings consistent with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

HARSHA and ABELE, JJ., concur.