MINNEAPOLIS FLOUR COMPANY, Appellant,

v.

CITY OF CLEVELAND, Appellee.

[Cite as *Minneapolis Flour Co. v. Cleveland,* 188 Ohio App.3d 146, 2010-Ohio-2607.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93767.

Decided June 10, 2010.

John E. Duda, and Michael B. Pasternak, for appellant.

Robert J. Triozzi, Cleveland Law Director, and Jerome A. Payne Jr., Assistant Law Director, for appellee.

KENNETH A. ROCCO, Presiding Judge.

{¶ 1} Plaintiff-appellant, Minneapolis Flour Company, appeals from a common pleas court order granting partial summary judgment in favor of defendant-appellee, the city of Cleveland, on Minneapolis Flour's claims for the increased workers' compensation premiums and health-insurance premiums it was required to pay after its employee was injured in a collision caused by a city employee's negligence. Minneapolis Flour also challenges the common pleas court's decision to exclude certain evidence from trial and the court's determination that, without this evidence, Minneapolis Flour's claim against the city for property damage to its truck had been "extinguished."

{¶ 2} We conclude that the city was entitled to judgment as a matter of law on Minneapolis Flour's claim for increased workers' compensation and health-insurance premiums. However, the court erred by granting judgment for the city on the claim for property damage to the truck. Therefore, we affirm in part, reverse in part, and remand for further proceedings.

*Procedural History*

{¶ 3} This appeal arises from two consolidated actions in the common pleas court seeking damages incurred as a result of an automobile collision in which a city garbage truck, operated by city employee Aretha Johnson, struck a vehicle operated by Ezra Richardson, which in turn struck a truck owned by Minneapolis Flour, operated by its employee, Michael Hren. One suit was filed by Minneapolis Flour against the city, Johnson, and Richardson; the other was filed by Hren against the city, Johnson, and the Ohio Bureau of Workers' Compensation. Hren's claims were ultimately settled and dismissed. Minneapolis Flour voluntarily dismissed its claims against Johnson and Richardson, leaving only the claims against the city for resolution here.[1]

{¶ 4} The complaint in this case alleged that on November 28, 2005, a city-owned garbage truck failed to yield the right of way while making a right-hand turn onto northbound East 152nd Street and struck a 1993 Plymouth Voyager that was also traveling northbound on East 152nd Street. The Voyager in turn struck a southbound 2000 Sterling truck owned by Minneapolis Flour, operated by Hren. Hren was injured and unable to return to his employment with Minneapolis Flour; the truck was severely damaged. Minneapolis Flour asserted that it suffered damages of $210,000 in increased workers' compensation premiums, $11,180 in medical-insurance premiums that it paid for Hren for one year, and $25,380 in damage to its truck.

{¶ 5} The city moved for partial summary judgment on February 1, 2008. It asserted that it had no duty to Minneapolis Flour that could render it liable for the increase in Minneapolis Flour's workers' compensation premiums and medical-insurance expenses. The court granted this motion. The case then proceeded toward trial on the only claim left, the claim for property damage to the truck.

{¶ 6} The city moved to exclude evidence of the amount Minneapolis Flour paid for a new truck some months after the collision. The court granted this motion. It then determined that the ruling on the motion in limine extinguished Minneapolis Flour's claim for damages to the truck. This appeal followed.

---

1. Minneapolis Flour also appealed a partial summary judgment entered in Richardson's favor. However, it later dismissed that appeal, presumably in recognition of the fact that it had previously dismissed its claims against Richardson.

*Law and Analysis*

{¶ 7} In its first and second assignments of error, Minneapolis Flour contends that the court erred by granting summary judgment for the city on the company's claims for the health-care insurance premiums it paid on behalf of its injured employee and the increased workers' compensation premiums it was required to pay as a result of this injury. Minneapolis Flour claims it is subrogated to its employee's rights against the city pursuant to R.C. 4123.931.

{¶ 8} We review the common pleas court's decisions on summary judgment de novo, applying the same standard of review the trial court applied. The parties agree that the question whether Minneapolis Flour can recover these expenses from the city is a question of law and that no material facts are at issue.

{¶ 9} In *Cincinnati Bell Tel. Co. v. Straley* (1988), 40 Ohio St.3d 372, 533 N.E.2d 764, the Ohio Supreme Court determined that the employer of an injured employee generally has no right to recover against the tortfeasor who caused the injury under the common law, by statute, or by operation of law. The tortfeasor breached a duty to the employee, not the employer; the only way that the tortfeasor might owe a duty to the employer is through a contract or warranty. There is no contractual relationship between Minneapolis Flour and the city, so *Cincinnati Bell* precludes Minneapolis Flour from recovering here.

{¶ 10} Although the causes of action in *Cincinnati Bell* all concerned employers' efforts to recover workers' compensation payments, the more general principle to be gleaned from that case—that any damages suffered by an employer as a result of a tort committed upon its employee are too remote to allow recovery—applies to other forms of damages as well. Both the claim for increased workers' compensation premiums and health-insurance premiums are such remote consequences of the city's alleged negligence that they are not recoverable. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 35 et seq.

{¶ 11} Minneapolis Flour asserts that it is entitled to recover under R.C. 4123.931(A). R.C. 4123.931(A) creates a right of subrogation on behalf of certain persons who pay workers' compensation benefits. It provides:

> The payment of compensation or benefits pursuant to this chapter or Chapter 4121., 4127., or 4131., of the Revised Code creates a right of recovery in favor of a statutory subrogee against a third party, and the statutory subrogee is subrogated to the rights of a claimant against that third party. The net amount recovered is subject to a statutory subrogee's right of recovery.

{¶ 12} Any right to recovery under this statute is premised on the plaintiff's status as a statutory subrogee. A statutory subrogee is defined in R.C. 4123.93(B) as "the administrator of workers' compensation, a self-insuring em-

ployer, or an employer that contracts for the direct payment of medical services pursuant to division (L) of section 4121.44 of the Revised Code."

{¶ 13} Minneapolis Flour obviously is not the administrator of workers' compensation. It also is not a self-insuring employer. The affidavit it filed with its response to the city's motion for summary judgment states that it was, at all relevant times, "an insured company, participating in the Ohio Workers' Compensation system." While it claims that it was self-insuring to the extent it made payments for the employee's health insurance, the term "self-insuring employer" as used in this statute is a defined term and does not extend so far:

"Self-insuring employer" means an employer who is granted the privilege of paying compensation and benefits directly [to its injured employees] under section 4123.35 of the Revised Code * * *.

{¶ 14} R.C. 4123.01(G). Minneapolis Flour's assertion that it participates in the Ohio Workers' Compensation system demonstrates that it is not a self-insured employer within the meaning of R.C. 4123.01(G). Finally, there is no evidence that Minneapolis Flour contracted for the direct payment of medical services pursuant to R.C. 4121.44(L). Therefore, Minneapolis Flour is not a "statutory subrogee" who may recover from a tortfeasor under R.C. 4123.931(A).

{¶ 15} We find that the city was entitled to judgment as a matter of law on Minneapolis Flour's claims for increased workers' compensation premiums and health-insurance premiums paid on behalf of the injured employee. Therefore, the first and second assignments of error are overruled.

{¶ 16} In its third assignment of error, Minneapolis Flour argues that the trial court erred by granting the city's motion in limine without affording it seven days to respond. The motion in limine was filed four days before trial was scheduled to begin. Appellant was aware that the motion related to the trial, but did not respond before the trial was scheduled. The court granted the motion on the day of trial.

{¶ 17} "The very nature of a motion in limine allows it to be filed outside the time for filing regular motions pursuant to Loc.R. 11 and Civ.R. 6(D)." *McKeegan v. Sears, Roebuck & Co.* (Sept. 7, 1995), Cuyahoga App. No. 68111, 1995 WL 527441. "[A] motion [in limine] is a useful technique for raising the issue of admissibility outside the presence of the jury, [but] the court's ruling does not actually determine whether the evidence is admissible. Rather, a ruling in limine prevents a party from injecting improper evidence into the proceedings until the court is able to decide, in the context of the other evidence at trial, whether the evidence indeed is admissible." *State v. Hall* (1989), 57 Ohio App.3d 144, 145–146, 567 N.E.2d 305.

{¶ 18} Because the motion only suggests a question regarding admissibility and a ruling does not preclude a party from arguing that the evidence is admissible, the court need not wait for a response before ruling on a motion in limine. The third assignment of error is overruled.

{¶ 19} The fourth assignment of error complains that the court erred by holding that Minneapolis Flour's claim for damages to its truck was "extinguished" by the court's ruling on the motion in limine. We agree. As discussed above, an order granting a motion in limine is a tentative decision that evidence should not be mentioned before the jury until the court is able to consider it in the context of the other evidence presented at trial and decide whether it is admissible. The ruling is preliminary in nature. By dismissing the case based on this preliminary ruling, the court never gave Minneapolis Flour an opportunity to proffer the evidence or argue its admissibility. More important, the court never gave Minneapolis Flour an opportunity to present any other evidence it may have had.[2] The court simply could not have concluded that Minneapolis Flour could present no evidence in support of its claim for damages to its truck based only on the court's preliminary exclusion of evidence of (1) the purchase price of a new truck and (2) loss of use. We hold that the court erred by dismissing Minneapolis Flour's claim for damages to its truck. Therefore, we reverse the court's judgment as to that part of Minneapolis Flour's claim and remand for further proceedings regarding that claim.

{¶ 20} The judgment is affirmed in part and reversed in part, and it is remanded for further proceedings consistent with opinion.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

BLACKMON and STEWART, JJ., concur.

---

2. The city contends that the exhibit list included in Minneapolis Flour's trial brief made it "abundantly clear that [Minneapolis Flour] was seeking the difference between the price of a new truck and insurance proceeds received from the old truck," based upon the exhibit list included in Minneapolis Flour's trial brief. Although listed on the docket, this trial brief is not included in the record. Even if it was, though, the city's suppositions about Minneapolis Flour's case based upon its exhibit list is not a sufficient basis for awarding judgment.