OPINION
{¶ 1} This is an appeal from the decision of the Muskingum County Court of Common Pleas, sustaining Appellees' Motion to Dismiss the Complaint of Appellant.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} The facts underlying this action are that Appellant, whose business is located in Vienna, West Virginia, on January 24, 2001, sent two of its employees to Ohio for business purposes.
{¶ 3} While on Interstate I-70 in Muskingum County, Appellant's pickup truck was struck in the rear by a tractor-trailer semi of Appellee. This resulted in injury to Appellant's employee, Walter Harrison, who was a passenger in Appellant's vehicle.
{¶ 4} Appellant in filing suit stated in its complaint that Mr. Harrison received Workers' Compensation benefits under applicable West Virginia statutes and that the payment of such benefits increased Appellant's required premiums/contributions to the West Virginia Workers' Compensation fund.
{¶ 5} Appellant sought reimbursement for such increased payments.
{¶ 6} Appellee, in its Motion to Dismiss, argued that West Virginia law prohibits a recovery for increased Workers' Compensation premiums paid as a result of third party negligence and cited National Fruit Product Co., Inc. v. Baltimore OhioRailroad Co., Inc. (1985), 174 W.Va. 759.
{¶ 7} The trial court agreed with such position.
{¶ 8} Two Assignments of Error are raised:
 ASSIGNMENTS OF ERROR
{¶ 9} "I. Trial court committed prejudicial error in sustaining appellees' motion to dismiss the complaint. see judgment entry of trial court of may 19, 2004, and appellant's memo contra motion to dismiss.
{¶ 10} "II. Trial court committed prejudicial error in holding that plaintiff-appellant's complaint was without merit on the basis of west virginia supreme court opinion in case styledNational FRUIT Prod. Co. v. Baltimore O.R.R., reported in174 W.VA. 759; and without first requiring defendants-appellees to give notice of such case, and without determining how defendants-appellee to give notice of such case, and without determining how defendants-appellees could plead such case, if at all. See judgment entry of trial court of May 19, 2004."
{¶ 11} A Civ.R. 12(B)(6) ruling of dismissal is predicated upon the concept that the complaint fails to state a claim upon which relief may be granted.
{¶ 12} We shall address both Assignments of Error simultaneously.
 I, II.
{¶ 13} The essential basis of this appeal is that the application by the court of the law of West Virginia is erroneous and that Ohio law should apply as the vehicle collision occurred in Ohio.
{¶ 14} We need not address the choice of law issue as the legal question involved was raised in several Ohio cases from Hamilton, Stark, Delaware, Lucas and Montgomery counties (Stark and Delaware being within the jurisdiction of this Court), involving both state fund and self-insured employers as to workers' compensation increased premiums caused by third parties such as the tortfeasor Appellee's employee here.
{¶ 15} The Ohio Supreme Court in Cincinnati Bell TelephoneCompany v. Straley, et al (1988), 40 Ohio St.3d 372 addressed such issue and stated:
{¶ 16} "Therefore, we hold that a self-insured employer which has paid medical expenses and other related workers' compensation benefits, or a state fund employer which has incurred increased workers' compensation premiums due to an injury suffered by an employee, may not recover damages against the third party who negligently caused the injury to the employee in the absence of any legal relationship based upon contract or warranty between the employer and the third party."
{¶ 17} Therefore, the results would be the same in Ohio as in West Virginia.
{¶ 18} This cause is affirmed at Appellant's costs.
Boggins, J., Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Common Pleas Court is affirmed. Costs assessed to Appellants.