OPINION
{¶ 1} On January 24, 2001, Walter Harrison was working for appellant, Architectural Interior Products, Inc., a West Virginia corporation. On said date, Mr. Harrison was injured in a motor vehicle accident when his vehicle was rear-ended by a tractor-trailer belonging to appellee, Miarer Transportation, Inc. The accident occurred on Interstate I-70 in Muskingum County, Ohio. Mr. Harrison received workers' compensation benefits from the state of West Virginia.
 {¶ 2} On March 24, 2004, appellant filed a complaint against appellee and the driver of the tractor-trailer, Quentin Martin, for reimbursement of higher workers' compensation premiums appellant had to pay based upon Mr. Harrison's accident. On April 12, 2004, appellees filed a Civ.R. 12(B)(6) motion to dismiss based upon failure to state a claim. By judgment entry filed May 19, 2004, the trial court granted the motion. The trial court's decision was upheld on appeal. See, Architectural InteriorProducts v. Miarer Transportation, Inc., Muskingum App. No. 2004CA0027, 2005-Ohio-170.
 {¶ 3} On September 19, 2005, appellant filed with the trial court a motion to vacate and set aside the judgment pursuant to Civ.R. 60(B)(5). By entry filed October 21, 2005, the trial court denied the motion, finding it lacked jurisdiction to entertain the motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "TRIAL COURT WAS IN ERROR IN HOLDING THAT IT HAD NO JURISDICTION TO ENTERTAIN THE CIVIL RULE 60(B)(5) MOTION OF THE PLAINTIFF APPELLANT."
 II {¶ 6} "TRIAL COURT WAS IN ERROR IN FAILING TO CONDUCT A HEARING ON THE 60(B)(5) MOTION OF THE PLAINTIFF-APPELLANT."
 III {¶ 7} "TRIAL COURT FAILED TO EVALUATE THE IMPACT ON INTERSTATE COMMERCE IN DENYING PLAINTIFF'S CIV. R. 60(B)(5) MOTION. SUCH WAS AN ABUSE OF DISCRETION."
 I, II, III {¶ 8} Appellant claims the trial court erred in not reviewing his motion for Civ.R. 60(B) relief. Appellant claims the trial court erred in finding it did not have jurisdiction to entertain the motion. We disagree.
 {¶ 9} Appellee argues the trial court did not have jurisdiction and cites this court to Howard v. Catholic SocialServices (1994), 70 Ohio St. 3d 141. We disagree with appellee that the Howard case is controlling. In Howard, the matter was still pending as an open case before the court of appeals. The matter sub judice is no longer pending before this court as we issued an opinion and judgment entry. See, ArchitecturalInterior Products v. Miarer Transportation, Inc., Muskingum App. No. 2004CA0027, 2005-Ohio-170.
 {¶ 10} Despite the reliance of Howard by the trial court, we nevertheless find the denial of the Civ.R. 60(B) motion was appropriate under the law of the case doctrine which states as follows:
 {¶ 11} "Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law." Nolan v. Nolan
(1984), 11 Ohio St.3d 1, 3.
 {¶ 12} In the direct appeal of the trial court granting appellee's Civ.R. 12(B)(6) motion to dismiss, appellant raised the following assignments of error:
 {¶ 13} "`I. TRIAL COURT COMMITTED PREJUDICIAL ERROR IN SUSTAINING APPELLEES' MOTION TO DISMISS THE COMPLAINT. SEE JUDGMENT ENTRY OF TRIAL COURT OF MAY 19, 2004, AND APPELLANT'S MEMO CONTRA MOTION TO DISMISS.'
 {¶ 14} "`II. TRIAL COURT COMMITTED PREJUDICIAL ERROR IN HOLDING THAT PLAINTIFF-APPELLANT'S COMPLAINT WAS WITHOUT MERIT ON THE BASIS OF WEST VIRGINIA SUPREME COURT OPINION IN CASE STYLEDNATIONAL FRUIT PROD. CO. V. BALTIMORE O.R.R., REPORTED IN174 W.VA. 759; AND WITHOUT FIRST REQUIRING DEFENDANTS-APPELLEES TO GIVE NOTICE OF SUCH CASE, AND WITHOUT DETERMINING HOW DEFENDANTS-APPELLEE TO GIVE NOTICE OF SUCH CASE, AND WITHOUT DETERMINING HOW DEFENDANTS-APPELLEES COULD PLEAD SUCH CASE, IF AT ALL. SEE JUDGMENT ENTRY OF TRIAL COURT OF MAY 19, 2004.'"
 {¶ 15} In addressing the assignments of error collectively, this court found at ¶ 15 and 16 that the trial court properly interpreted the law as stated in Bell Telephone Company v.Straley (1988), 40 Ohio St.3d 372:
 {¶ 16} "The Ohio Supreme Court in Cincinnati Bell TelephoneCompany v. Straley, et al (1988), 40 Ohio St.3d 372 addressed such issue and stated:
 {¶ 17} "`Therefore, we hold that a self-insured employer which has paid medical expenses and other related workers' compensation benefits, or a state fund employer which has incurred increased workers' compensation premiums due to an injury suffered by an employee, may not recover damages against the third party who negligently caused the injury to the employee in the absence of any legal relationship based upon contract or warranty between the employer and the third party.'"
 {¶ 18} The Civ.R. 60(B) motion for relief from judgment, filed by appellant after the decision of this court and denial of a discretionary review by the Supreme Court of Ohio,Architectural Interior Products, Inc. v. Miarer Transportation,Inc., 105 Ohio St.3d 1564, 2005-Ohio-2447, stated as a ground for relief that the trial court as well as this court ignored the fact that the existence of workers' compensation coverage in one state should not automatically determine the choice of law issue. Appellant also argued the trial court employed the improper standard of review in determining the Civ.R. 12(B)(6) motion, and took issue with this court's reliance on Bell Telephone.
 {¶ 19} These are the same issues presented during the motion to dismiss and the direct appeal. The law of the case doctrine precludes relitigation of the same issues in the same case.
 {¶ 20} Upon review, we find the trial court did not err in denying appellant's Civ.R. 60(B) motion.
 {¶ 21} Assignments of Error I, II, and III are denied.
 {¶ 22} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed.